LEWIS E. HASKINS v. ANDREW M. RALSTON AND OLIVER BENSCHOTER.

*Malicious prosecution—False imprisonment—Pleading—Forgery— Sufficiency of warrant.*

1. Counts for false imprisonment and malicious prosecution may be joined under the practice in this State.

2. A count in a declaration for malicious prosecution alleging that defendant caused the arrest of plaintiff on a warrant charging him with uttering and publishing as true a certain false, forged, and counterfeited promissory note for the payment of money, knowing it to be false, forged, and counterfeited, with intent to defraud and injure the complainant, not only substantially, but technically, describes an offense for which a justice has jurisdiction to hold an examination for commitment for trial at the circuit.

3. A count in a declaration for malicious prosecution which states that the plaintiff was not only discharged finally, but duly dis-

———

charged and fully acquitted, charges, inferentially at least, that the arrest was for examination before a justice of the peace, as there could be no discharge, joined with an acquittal, except upon a hearing upon the charge.

4. A declaration charging the defendants with maliciously and falsely, and without probable cause, causing the arrest of the plaintiff for forgery (the offense being properly described), and to be imprisoned for a certain number of days, at the expiration of which time the plaintiff was duly discharged, and fully acquitted of the said supposed offense, counts for malicious prosecution, and not for false imprisonment.

5. A warrant charging the defendant with uttering and publishing as true (on a given date) a false, forged, and counterfeited promissory note for the payment of money (fully describing the note), well knowing at the time of such uttering and publishing that the note was false, forged, and counterfeited, sufficiently describes the offense intended to be charged.

6. The term *forged*, in law, indicates a fraudulent purpose in making the paper.

7. The Constitution only requires such a description of an offense as fully informs the person charged of what he is called upon to meet, and of the nature of the accusation against him.

8. A warrant need only recite the *substance* of the offense charged, and to require complainants, who are often persons of limited education, and who prefer complaints before justices of the peace who are not lawyers, and not at all acquainted with legal niceties, to do more than to describe the offense with *substantial* correctness, or to give in the warrant any more information than is needed to inform the defendant of the *crime* he is charged with, and that it *is* a crime, would be to make it practically impossible to hold shrewd criminals at all, in many places, and would be of no use to any one.

9. A warrant showing that the original complaint was on information and belief, but reciting that upon an examination on oath of the complainants before him it appeared to the justice that the offense had been committed, and that there was just cause to suspect the accused party to be guilty thereof, shows presumptively that a legal and proper showing was made for the issuance of said warrant.

Error to Ionia. (Smith, J.) Argued February 2 and 3, 1888. Decided March 2, 1888.

Case. Defendants bring error. Reversed. The facts are stated in the opinion.

*Mitchel & McGarry,* for appellants.

*A. A. Ellis* and *S. V. R. Trowbridge,* for plaintiff.

CAMPBELL, J.   Plaintiff recovered judgment in the circuit court for the county of Ionia against defendants for $266 damages.  His grievance consisted in being arrested and confined for about 13 days on a charge of forgery, from which he was finally discharged on the preliminary examination. A chief question presented to us is whether the suit was for malicious prosecution or false imprisonment.  A subordinate question is whether the warrant issued by the examining magistrate to bring the plaintiff before him for examination was void.   When the case went to the jury, the court below held it was a suit for false imprisonment, and held the warrant void on its face.  This left nothing for the jury but to assess the damages, if defendants were responsible for its issue, as it was held there was enough to authorize the jury to so conclude.

The first count in the declaration is admitted to be for malicious prosecution, and was abandoned on the trial.  As we have held that counts for false imprisonment and malicious prosecution may be joined, under our practice, this left the case to proceed on the other count or counts; for the plaintiff claims there were three counts, and not two.   *Long v. Judge of Wayne Circuit Court,* 27 Mich. 164.

The only count on which plaintiff relies is what he calls the "second count."  If there is a third count, it does not allege a false imprisonment beyond what was set up in the second count.  If it is really an appendage to the second count, it merely sets up matters in aggravation.

The second count, in effect, charges that the defendants maliciously and falsely, without probable cause, and without making investigation into the truth of the matter, and without informing the prosecuting attorney,—

69 MICH.—5.

"Charged the said plaintiff with having committed a certain offense punishable by law, to wit, uttering and publishing as true a certain false, forged, and counterfeited promissory note for the payment of money, knowing said promissory note for the payment of money to be false, forged, and counterfeited, with the intent to defraud and injure as aforesaid;"—

And that defendants, on the twenty-first of November, maliciously, and without reasonable or probable cause, and without investigation or inquiry to ascertain the truth thereof, caused plaintiff to be arrested and imprisoned for thirteen days, at the expiration of which time he—

"Was duly discharged, and fully acquitted of the said supposed last-mentioned offense," etc.

The charge set forth in this count is not only substantially, but technically, correct, in describing an offense for which a justice had jurisdiction to hold an examination for commitment for trial at the circuit. The count charges, inferentially at least, that the arrest was for examination before a justice, because it proceeds to state that plaintiff was not only discharged finally, but "duly discharged, and fully acquitted." There could be no discharge, joined with an acquittal, except upon a hearing upon the charge. It is not alleged in this count that there was an arrest on a bad warrant, or without a warrant, or that the warrant was issued irregularly. This is very clearly a charge of malicious prosecution, and not a charge of illegal arrest and false imprisonment.

But the case would not be improved if the action had been for false imprisonment. On the trial, a warrant was produced, which appears to have been issued after a preliminary examination of defendants, and which sets out the acts plaintiff was charged to have done. The offense is charged in these words, after an introduction which will be referred to hereafter:

"That heretofore, to wit, on the twenty-eighth day of October, A. D. 1882, at the township of Sebewa, in the

county aforesaid, one Lewis Haskins did utter and publish as true a certain false, forged, and counterfeited promissory note for the payment of money, which said false, forged, and counterfeited promissory note for the payment of money was dated Sebewa, Michigan, October 28, 1882, for the sum of $35, with interest, and made due and payable thirty days after date, and signed with the name, 'Oliver Benschoter'; he, the said Lewis Haskins, at the time he so uttered and published the said false, forged, and counterfeited note for the payment of money as aforesaid, well knowing the same to be false, forged, and counterfeited; against the form," etc.

It is claimed in this Court that this warrant is bad, because it does not aver the uttering and publishing to have been with intent to defraud, which is the statutory addition to the other elements of crime charged.

It would be sufficient to say, in this matter, that the court below did not decide the warrant bad on any such ground. And, furthermore, it is not charged in the declaration that the warrant was bad for this reason, or for any other reason shown on its face. On the contrary, the declaration sets forth that the arrest was for a charge containing all the elements of a statutory crime, including the fraudulent intent. Both of these reasons are fatal to any attack on the warrant in this Court on any such ground.

But we think the warrant, so far as the description of the offense is concerned, is sufficient. It sets out the overt acts which make up the crime completely, and a guilty knowledge of the forged character of the paper. The term *forged*, in law, indicates a fraudulent purpose in making the paper; and proof of the facts and knowledge set up in this document would allow, although it might not under some circumstances compel, an inference of guilt. Such a description would fully inform the person charged as to what he was to meet, and of the "nature of the accusation against him," which is the only constitutional requirement on the subject. The Constitution does not require technical accuracy, and the statute does not require it. By section 9456, How. Stat., it

is provided that the preliminary warrant shall recite "the substance of the accusation." This does not seem to indicate the necessity of anything more, and there has never been any intimation by this Court that any more was required.

In *Beecher v. Anderson*, 45 Mich. 543 (8 N. W. Rep. 539),. and in *Wheaton v. Beecher*, 49 Id. 348 (13 N. W. Rep. 769), the same warrant of arrest came before us in two different forms. In the first case the defendant, who was sheriff of Marquette county, had arrested Mr. Wheaton on the warrant, which purported to be for perjury, and which, instead of containing any mere definition, set out at length the facts themselves on which the charge was based. The arrest being made in winter at Detroit, and there being some practical difficulty in taking the prisoner to Marquette without passing through other states, the sheriff, on the order of the prosecuting attorney, let Mr. Wheaton go free from the arrest. A subsequent application was made to this Court to compel the sheriff to re-arrest Mr. Wheaton, and take him before the magistrate for examination, the difficulty of travel having ceased by the opening of the season of navigation. The sheriff returned that he had acted under the direction of the prosecuting attorney; but Mr. Wheaton attacked the writ as invalid. It was held that technical questions should not be regarded; but as there was no allegation of fact which showed that the oath taken was one which, under the practice, was of any materiality, this Court refused to compel further action under a complaint which might amount to nothing in any shape, and which, if set aside, would not stand in the way of a more perfect new one. In the last case, which was an action for false imprisonment, it was held there was no such defect in the warrant as would render the service of it a false imprisonment.

In *Pardee v. Smith*, 27 Mich. 33, a warrant which left out several statutory elements was held substantially good, as leading to an inference of what the statute required to be.

made out; and it was held that the defects were mere irregularities, and not jurisdictional. The cases of *Turner v. People,* 33 Mich. 363, and *Yaner v. People,* 34 Id. 286, are in the same direction. Attention is drawn in both these cases to the difficulty of reaching precision before the facts are fully brought out on the examination, and it is shown very fully that no more than substantial statements can be required. Similar doctrine is found in *People v. Rutan,* 3 Mich. 42, and *Daniels v. People,* 6 Id. 381, as to the description of offenses in criminal recognizances to answer to indictments or informations which might be found at the circuit. In the former case the recognizance was after indictment, and merely set out that Rutan had been charged with setting fire to and willfully burning a building known as the "Canal Mills," belonging to persons named. It was held this was no such description of an offense as would be sufficient in an indictment, and that, standing alone, it made out directly no offense at all. But it was held sufficient to sustain the recognizance; and the Court said that the offense need not be stated as in an indictment, and need only be described with such certainty as to show that it was within the jurisdiction of the officer to take bail. In the *Case of Daniels* he waived examination, and gave bail to answer "for the crime of incest." This was all that was said at all concerning the charge. It was there held, also, that an indictment charging that crime by name was not within any statute, but that the statutory crime would be as well understood in the popular sense by the name of "incest" as by the statutory language, and that a description according to the common understanding was enough.

It must be remembered that criminal complaints must often be made by persons of limited education, before justices who are not lawyers, and who are not at all acquainted with legal niceties. To require them to do more than describe offenses with substantial correctness, or to give in the warrant any

more information than is needed to inform the defendant of the crime he is charged with, and that it is a crime, would be to make it practically impossible to hold shrewd criminals at all, in many places, and we think it would be of no use to any one. The criminal law text-books do not, so far as we have examined them, require any particular formality in warrants of arrest, but they are treated of as varying according to the practice of different places.

The court below held the warrant void for the supposed reason that it was issued purely on information and belief, and so showed on its face. This is not correctly stated. The original complaint before the justice was on information and belief, according to the warrant; but it goes on to recite that, upon an examination on oath of the present defendants before him, it appeared to the justice that the offense had been committed, and that there was just cause to suspect plaintiff to be guilty thereof. This must be presumed to have been a legally proper showing. In our opinion, the warrant was on its face valid, and an arrest under it was a lawful arrest. The only cause of action that could exist in such a case was one for malicious prosecution.

It was error to hold otherwise, and the judgment must be reversed, and a new trial granted.

We need not consider the other questions, as the case was tried on a wrong theory of the issues.

SHERWOOD, C. J., CHAMPLIN and LONG, JJ., concurred. MORSE, J., did not sit.