[No. 2823.    Dec. 16, 1924]

## NELSON v. HILL.

### SYLLABUS BY THE COURT

1. An action for malicious prosecution will not be defeated by the sole fact that the · complaint made against the plaintiff failed to charge a crime.

2. Questions not decided and objections not saved in the court below will not ordinarily be considered in the appellate court.

3. The discharge of a defendant in a criminal proceeding* without his connivance, is a sufficient termination of the proceeding to support an action for malicious prosecution.

4. Secaion 2, chapter 150, Laws of 1921, does not prohibit the employment of children under 14 years of age, except when the schools are actually in session for purposes of instruction.

5. A requested instruction which is inapplicable is properly refused.

6. The facts examined, and the verdict HELD to be excessive, requiring a remittur.

Appeal from District Court, Eddy County; Brice, Judge.

Action by Florace Nelson against A. D. Hill. Judgment for plaintiff, and defendant appeals. Judgment affirmed, on condition plaintiff consent to a remittitur within 30 days; otherwise, judgment reversed, and cause remanded for new trial.

S. D. Stennis, Jr., of Dallas, Tex., and C. J. Roberts and C. F. Cornell, both of Santa Fe, for appellant.

McCullough & Wyatt, of Roswell, E. P. Bujac, of Carlsbad, and E. R. Wright, of Santa Fe, for appellee.

OPINION OF THE COURT

PARKER, C. J. This is an action for malicious prosecution in which recovery was had against the appellant, from which judgment he has appealed.

[1] 1. The first point presented is to the effect that the complaint fails to state a cause of action, and consequently will not support the judgment. The argument is that the complaint shows that the accusation, before the justice of the peace, failed to charge a crime, and therefore the wrong, if any, was false imprisonment rather than malicious prosecution.

Some general considerations may tend to clear up what seems to be a much mooted question in the cases,

and upon which they are about equally divided. In the first place, it is to be observed that a proceeding either civil or criminal in form, prosecuted maliciously and without a probable cause, resulting in failure and the discharge of the defendant, is the basis of the action for malicious prosecution. It is the malicious misuse or abuse of legal process, to harrass and oppress the defendant, which is the gist of the wrong. If the charge fails to state a crime, the injury is just the same as if it did. Of course, if the person in good faith truly states the facts to a magistrate or a prosecuting officer, and, without more, the officer mistakes the law and initiates the proceeding, the person may be excused from the consequences of the wrong, because he does not in fact bring the proceeding, the action of the law officer being the moving and proximate cause of the injury; but not so if he makes a false statement and participates in the design and purpose to bring on the prosecution. The mere fact that the charge does not constitute a crime, and may subject the moving party to an action for false arrest or imprisonment, can have no effect upon the question; he is also liable for malicious prosecution if all of the other elements are present. Of course, if the charge does not state a crime, there is no criminal prosecution in a strict legal sense, as is held in some cases; but the injury is the same whether a crime is charged or not, and the person responsible therefor should be held to answer. Upon this subject, see 18 R. C. L. "Malicious Prosecution," § 10; 1 Cooley on Torts (3d Ed.) pp. 344, 345; Ross v. Hixon, 46 Kan. 550, 26 P. 955, 12 L. R. A. 760, 26 Am. St. Rep. 123 and note; Allstock v. Moore Lime Co., 104 Va. 565, 52 S. E. 213, 2 L. R. A. (N. S.) 1100 and note, 113 Am. St. Rep. 1060, 7 Ann. Cas. 545; Segusky v. Williams, 89 S. C. 414, 71 S. E. 971, 36 L. R. A. (N. S.) 230 and note; Haskins v. Ralston, 69 Mich. 63, 37 N. W. 45, 13 Am. St. Rep. 376; Antcliff v. June, 81 Mich. 477, 45 N. W. 1019, 10 L. R. A. 621, 21 Am. St. Rep. 533; McIntosh v. Wales, 21 Wyo. 397, 134 P. 274, Ann. Cas. 1916C, 273 and note. On the other hand, many

well-considered cases hold to the contrary. See Krause
v. Spiegel, 94 Cal. 370, 29 P. 707, 28 Am. St. Rep. 137;
Satilla Mfg. Co. v. Cason, 98 Ga. 14, 25 S. E. 909, 58
Am. St. Rep. 287; Maher v. Ashmead, 30 Pa. 344, 74
Am. Dec. 708; Kramer v. Lott, 50 Pa. 495, 88 Am.
Dec. 556.

It is true that actions for malicious prosecution are
not favored in the law, because they tend to restrain
action by the citizen in the enforcement of the criminal
laws, in which matter the public is interested. The al-
legations and proofs, for this reason, perhaps, should
be rather strictly construed in determining whether
the action shall be allowed. But where all the other
elements of malicious prosecution are present, except
the technical charge of a crime, we believe it would be
too narrow an interpretation to hold that the action
must fail. It follows that the complaint is sufficient
to sustain the judgment.

[2] 2. Appellant assigns error upon the giving
of the court's instruction on the subject of the effect
of reliance upon the advice of counsel as reflecting
upon the question of probable casue. An exception
was saved in general terms to the instruction, and it
is stated that "instruction No. ——" is tendered.
We have examined the requested instructions, and find
none covering this subject. The alleged error there-
fore is available. Appellant argued that the court
erroneously commented upon the weight of the evi-
dence in violation of section 2796, Code 1915. This
point was not made and saved in the court below.
Improper conduct of counsel for appellee during the
trial, by way of questions to witnesses tending to
abuse and degrade appellant, are called to our atten-
tion, but we do not find that the matter is available.
The court sustained objections to the questions.

[3] 3. Appellant argues there was no proof of an
acquittal in the criminal proceeding before the justice
of the peace. There is evidence in the case that the
appellee appeared before the justice of the peace and
demanded an immediate trial, and was sworn and testi-

fied as a witness. Appellant was not called and was not present. The docket of the justice of the peace shows his judgment as follows:

"Case considered, and found that so little violation of any law was incurred and defendant discharged."

This is certainly a legal curiosity. The justice of the peace finds in effect there was a violation of the law, but that the same was so "little" he would discharge the defendant. The justice of the peace was in error in holding there was a violation of the statute in question, but he did, nevertheless, discharge the appellee, without her connivance, so far as appears. This is a sufficient termination of the proceeding under the circumstances to support malicious prosecution. Meraz v. Valencia, 28 N. M. 174, 210 P. 225.

[4] 4. The prosecution before the justice of the peace was brought under section 2, chapter 150, Laws 1921, which is as follows:

"It shall be unlawful for any person, firm or corporation to employ any child under 14 years of age in any business or service whatsoever in this state, during the hours when the public schools of the municipal district, or rural school district, in which the child resides, are in session.

The proof shows that the appellee, the school-teacher, had the children take turns in sweeping the schoolroom, and that appellant's son swept the room during the noon recess; a labored argument to the effect that the school was technically in session from the time of opening in the morning to the time of closing in the afternoon. The statute itself is a sufficient answer to the contention, and, as the lower court held, the school was not in session during the noon hour, and there was no violation of the statute.

[5] 5. Counsel complain of the refusal to give the requested instruction to the effect that, the statute being of doubtful construction, there might, under the circumstances, be probable cause to believe a crime had been committed. The instruction was inapplic-

able, because the statute is not of doubtful construction, and no exception was saved to such refusal, for both of which reasons the action of the court will not be disturbed.

[6] 6. Counsel argue that the verdict is excessive and must be the result of passion and prejudice. Appellee, in her complaint, claimed actual damages in the sum of $3,000, and exemplary damages in the additional sum of $3,000. The jury returned a verdict for $2,000 actual, and $1,500 exemplary damages. In the motion for a new trial the verdict was challenged as excessive and as being the result of passion and prejudice. The district judge considered this proposition in passing upon the motion and refused to find that the verdict was the result of passion or prejudice, but did find that it was excessive, and he required a remittitur of $1,000, which was agreed to, leaving the verdict stand at $2,500. It appears that the little son of appellant, who swept the schoolroom, was afflicted with granulated eyelids, and for that reason appellant desired that he should not sweep the floor, the dust being injurious to his eyes. He and his wife asked appellee not to require the boy to sweep and explained the reason, and she asserted that if he came to school he would have to sweep the same as the other pupils. An effort was made by appellant and his wife to have a second conversation with appellee to try to induce her not to require the child to sweep, but appellee avoided the meeting and thus prevented further conversation on the subject. It is thus seen that the controversy was not entirely one-sided so far as a desire to do the right thing was concerned. An officer was sent by the justice of the peace to the schoolhouse about 11:30 a. m. with a warrant for the arrest of appellee. He requested appellee to go with him to the office of the justice of the pease, which she readily did. At noon she appeared, requested an immediate hearing, and she gave her testimony, whereupon the justice of the peace discharged her, as before seen. The proof as to actual damages was very meager, there being shown no substantial actual physical or

mental injury or suffering from the arrest. The charge involved no moral turpitude, the sole damage to reputation, if any, being the bare fact of the arrest.

As before seen, the district judge declined to find that the verdict was the result of passion or prejudice, but did find that it was excessive in the amount of $1,000. We likewise fail to find passion or prejudice on the part of the jury. If the result was reached because of passion or prejudice, the whole verdict would be vitiated and a new trial would necessarily result. But excessiveness is evidence only, and not proof conclusive, of passion and prejudice. The jury in this case simply overestimated the damages to which appellee was entitled and to a greater extent, we think, than was found by the trial court. Under all the circumstances we believe that $500 is ample to compensate the appellee and to punish the appellant. A remittitur down to $500 will be required. The judgment is correct, but the damages are excessive. If appellee shall remit down to $500 within 30 days from this date, the judgment will be affirmed for that amount, and, otherwise, the same will be reversed, and the cause remanded for a new trial, and

It is so ordered.

BOTTS and FORT, JJ., concur.

Remittur filed this 26th day of January, 1925.