[No. 3556. April 20, 1931.]

[Rehearing Waived April 25, 1931.]

HALL v. BRITT.

[297 Pac. 987.]

Reese & Reese, of Roswell, for appellant.

J. C. Gilbert and J. B. McGhee, both of Roswell, for appellee.

## OPINION OF THE COURT

BICKLEY, C. J.

Appellant prosecuted appellee in a justice of the peace court for an assault with words. Appellee was acquitted and thereafter brought suit against appellant for malicious prosecution. Upon this appeal appellant claims that the court erred in giving certain instructions to the jury. As to some of these, we find the contention of appellant under the record in this case to be without merit.

 We think instruction No. 17, which declares that, if the criminal prosecution was commenced for the purpose of collecting a debt due defendant from plaintiff, or for the purpose of punishing plaintiff for not paying said debt, and not for the purpose of vindicating the law, then from such facts, the jury would be justified in finding that the criminal prosecution was commenced by defendant from malicious motives, is permissible under some circumstances, but we do not think the present record justifies giving such instruction.

We find, however, that the trial court was in error in giving its instruction No. 19, which was as follows:

"You are instructed that the court has admitted certain testimony in this cause to be given by the defendant as to what the defendant told the Justice of the Peace, W. C. Winston, at the time he signed the complaint introduced in evidence in this case. This testimony was allowed and permitted in mitigation of the offense charged against the defendant and of the damages therefor, and if you believe from all the evidence that the defendant made a full, fair and complete statement and disclosure to the Justice of the Peace at the time and before the Justice of the Peace drew the complaint which the defendant signed, then it will be your duty to take into consideration in mitigation of the damages that you may allow the plaintiff in this case in the event that you find for the plaintiff in the cause."

The court had also given its instruction No. 12, which is as follows:

"The court further instructs the jury that if you believe from the evidence that the defendant went to W. C. Winston, Justice of the Peace, and made to him a full, fair and complete statement of the facts and circumstances surrounding the same, concerning the matters charged in said criminal complaint, and inquired of said Justice of the Peace whether the plaintiff was guilty of any offense, and thereupon the said Justice of the Peace stated

that he was, and wrote out the complaint which the defendant signed and swore to, and thereafter the said Justice of the Peace, acting upon his own judgment, issued the warrant and caused the said plaintiff to be arrested and tried, then your verdict should be for the defendant, whether such cursing and words constituted an offense under the laws of the State of New Mexico or not."

The prosecution involved in the case at bar being for a petty offense, within the jurisdiction of the justice of the peace, we see no objection to instruction No. 12, in view of the remarks of this court in Nelson v. Hill, 30 N. M. 288, 232 P. 526, 527, as follows:

"Of course, if the person in good faith truly states the facts to a magistrate or a prosecuting officer, and, without more, the officer mistakes the law and initiates the proceeding, the person may be excused from the consequences of the wrong, because he does not in fact bring the proceeding, the action of the law officer being the moving and proximate cause of the injury; but not so if he makes a false statement and participates in the design and purpose to bring on the prosecution."

This expression seems to be in accord with the decisions of a group of courts as set forth in the annotation to Kable v. Carey, 12 A. L. R. 1227 at page 1235, collected under the following headnote:

"And, contrary to the general rule stated supra, some courts seem committed to the rule that it is a good defense to an action for malicious prosecution that the defendant, before instituting the prosecution, fully, fairly, and honestly stated the facts and circumstances to a justice of the peace or a police magistrate, and was advised by him that they constituted reasonable cause for the prosecution, and he honestly and in good faith acted under such advice."

The court having given said instruction No. 12, it was error to give instruction No. 19, because from the record it appears that the evidence on the subject covered by No. 12 was not limited to the subject of mitigation of damages, but was admitted generally. Counsel for appellee in the trial court objected to the giving of instruction No. 12 upon several grounds, including, "That it is contrary to instruction No. 19," and appellant contends that the court having given instruction No. 12 in his behalf, destroyed its purpose and effect by giving instruction No. 19, which is inconsistent therewith. We agree with appellant that the giving of instruction No. 19 under the circumstances of the case was improper and prejudicial to appellant and therefore error. For the reason stated, the judgment is

reversed, and the cause remanded for a new trial, and it is so ordered.

WATSON and HUDSPETH, JJ., concur.
PARKER and SADLER, JJ., did not participate.