PEOPLE *v.* LIMAS.

1. CRIMINAL LAW—RECKLESS DRIVING—AMENDED STATUTE.

Complaint and warrant charging violation of reckless driving statute which has been amended and citing section number of original act, but not citing amendatory act, was sufficiently detailed as to defendant's conduct to sustain conviction where the amendatory act refers to and includes the original statute which has never been repealed (PA 1949, No 300, § 626, as amended by PA 1965, No 262).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 263–269.
Sufficiency of indictment or information charging in words of statute offense relating to operation of automobile. 115 ALR 357.
Statute prohibiting reckless driving: definiteness and certainty. 12 ALR2d 580.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 337, 338,

2. SAME—CONVICTION FOR RECKLESS DRIVING—DRIVING IN WILLFUL
AND WANTON MANNER.

Conviction of reckless driving *held*, supported by sufficient evidence, where defendant twice collided with a car and then sped off on the approach of a police officer who gave chase with defendant running red lights before his apprehension (PA 1949, No 300, § 626, as amended by PA 1965, No 262).

Appeal from Recorder's Court of Detroit; Wood (Andrew C.), J. Submitted Division 1 December 7, 1967, at Detroit. (Docket No. 3,277.) Decided March 26, 1968.

Rodolfo Limas was convicted of reckless driving on January 10, 1967. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Richard J. Padzieski,* Assistant Prosecuting Attorney, for the people.

*Peter L. LaDuke,* for defendant.

FITZGERALD, J. Defendant was convicted of reckless driving by the recorder's court traffic division in the city of Detroit after he twice collided with complainant's car and then sped off on the approach of a police officer who gave chase with defendant running red lights before his apprehension.

The complainant charges defendant with the violation of PA 1949, No 300, § 626.[1] Defendant alleges that the complaint is defective in that this statute no longer exists due to the various amendments made, and that the complaint did not sufficiently specify the conduct complained of. The language

---

[1] See CLS 1952, § 257.626 (Stat Ann 1951 Cum Supp § 9.2326).

of the amendatory act (PA 1965, No 262)[2] refers to and includes PA 1949, No 300, § 626, the original reckless driving statute, and at no point repeals the original act. The complaint and warrant are sufficiently detailed as to defendant's conduct. *Haskins* v. *Ralston* (1888), 69 Mich 63. See, also, 50 Am Jur, Statutes, § 468, pp 481, 482; *People* v. *Lowell* (1930), 250 Mich 349.

Defendant alleges that his conviction of reckless driving was in error as the evidence was not sufficient to show that he was driving in a willful and wanton manner. If one considers the sum total of all the factors of defendant's conduct, sufficient facts are found to sustain this conviction. *Brooks* v. *Haack* (1965), 374 Mich 261.

Affirmed.

LESINSKI, C. J., and McGREGOR, J., concurred.

2 See MCLA § 257.626 (Stat Ann 1968 Cum Supp § 9.2326).