## MARY J. FEENEY *vs*. NEW YORK WAIST HOUSE.

First Judicial District, Hartford, January Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

While the plaintiff was passing along the sidewalk in front of the defendant's store, the glass from a large show window fell upon and injured her. The trial court found that at that time, a windstorm of unusual severity was in progress, during which twenty-six lights of glass in the vicinity of the same city were blown out. *Held:*

1. That the facts did not justify the inference that the storm was a misfortune or accident arising from inevitable necessity, which human prudence could not foresee or prevent, and thus an act of God relieving the defendant of liability.
2. That there was likewise no basis for the finding that the storm was the sole cause of the accident nor for the conclusion that there was no negligence on the part of the defendant, since aside from the fact that its manager entered the window space about twice a week for the purpose of arranging merchandise on display therein and noticed no defect or disrepair, it did not appear that the defendant had performed its legal duty to give the window such inspection as was reasonably required in order to guard against the dangerous effects of deterioration from natural causes.
3. That the doctrine of *res ipsa loquitur* was applicable and that the defendant had not sustained the burden thus cast upon it, of demonstrating that its negligence was not the cause of the plaintiff's injuries.

Argued January 7th—decided March 5th, 1927.

ACTION to recover damages for personal injuries, alleged to have been caused by the negligence of the defendants, brought to the Court of Common Pleas for Hartford County and tried to the court, *Molloy, J.;* judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

*Edward H. Kelly,* with whom, on the brief, was *Joseph H. Lawler,* for the appellant (plaintiff).

*Warren Maxwell,* for the appellee (defendant).

HINMAN, J. On November 22d, 1924, as the plaintiff was passing along the sidewalk on Main Street in Hartford opposite the premises occupied by the defendant, the glass from a large show window in the front of the store fell upon and injured her. The complaint alleged that the occurrence and resulting injuries were caused by the negligence of the defendant in inspecting and maintaining the window.

The trial court held that the defendant was not negligent in the respects alleged and that the sole cause of the fall of the glass was a wind so heavy that such fall would have occurred in any event, irrespective of the construction and care in maintenance of the window. The finding states, in substance, that there was, at the time, a wind-storm of unusual severity, during which twenty-six lights of glass were blown out in the vicinity of Hartford, fifteen of them within the city limits, which amount of breakage was unusual, although after an ordinary wind-storm a few glass windows have to be replaced, the number depending on the severity of the storm. It is further found that this wind was of sufficient severity to produce the accident no matter what the construction and no matter what care might have been taken and was an act of God, but this paragraph is attacked by the appeal and is not supported by the evidence contained in the record, nor can it legitimately be inferred from the other facts found. It is manifest, we think, that the inference is not necessary nor logically permissible that a wind, the only indication of the severity of which is that the stated number of other lights of glass (of unknown sizes, locations, method of installation, and state of repair) fell in the same storm, would have blown out the glass in question whatever the construction of the window or its state of repair. The facts found not only do not justify this inference, but

are not adequate to bring the wind-storm in question within the legal conception of such a manifestation of the forces of nature as would, of itself, as an act of God, exonerate the defendant from liability. This has been defined to be a misfortune or accident arising from inevitable necessity, which human prudence could not foresee or prevent. *Williams* v. *Grant*, 1 Conn. 487, 491; 5 Thompson on Negligence, § 6456; 1 Words & Phrases (2d Series) 70; 29 Cyc. 441; *Gray* v. *Harris*, 107 Mass. 492; *Pittsburgh, Ft. W. & C. Ry. Co.* v. *Brigham*, 29 Ohio St. 374, 23 Amer. Rep. 751.

The further finding, that the wind was the sole cause of the fall of the glass, lacks support from the evidence and cannot reasonably and logically be deduced from the other facts found. It appears that the window was originally properly constructed; the date when it was installed is not found, but it was, at least, prior to defendant's occupancy, which began February 4th, 1921. There is no finding as to the condition of the window subsequent to its installation, except that the construction has not been changed during defendant's possession, and that no defect or condition of disrepair "was brought to the attention of the defendant, its agents or servants." The defendant's manager entered the space surrounded by the window on an average of twice a week to arrange merchandise for display and noticed no defect or disrepair, but nothing else resembling an inspection is disclosed by the finding. The fact that the glass fell outward would suggest that the responsible force may have been exerted from inside the store rather than by wind-pressure upon the outside of the window. The existence of some defect in the condition of the window at the time, and other likely causative or contributing elements are not so negatived and excluded as to warrant the inference that the wind was the sole cause.

The soundness of the conclusion that the defendant was not negligent in connection with the maintenance, care, and inspection of the window, is questioned by the appellant. It was incumbent upon the defendant to give such inspection as is reasonably required in order to guard against the dangerous effects of deterioration from natural causes. *Howard* v. *Redden,* 93 Conn. 604, 609, 107 Atl. 509. Such inspection must be frequent and thorough enough to determine the existing conditions. 29 Cyc. 473; 1 Thompson on Negligence, §§ 1213, 1214. The facts found obviously do not constitute a compliance with this duty. It is common knowledge that show-windows such as this are usually frequently washed, both inside and out, an operation calculated to disclose any patent defects or lack of repair, but we have, regarding the window under consideration, no finding as to such washing and observations, if any, made either during that process or at any other time.

The circumstances attending the injury made appropriate the application of the doctrine of *res ipsa loquitur,* and the trial court correctly so held. *Stebel* v. *Connecticut Co.,* 90 Conn. 24, 96 Atl. 171. It was therefore incumbent upon the defendant to show that the fall of the glass and resulting injury did not occur through negligence on its part. *Potter* v. *Rorabaugh-Wiley Dry Goods Co.,* 83 Kan. 712, 112 Pac. 613, 32 L. R. A. (N. S.) 45; *Vincett* v. *Cook,* 4 Hun (N. Y.) 318; 20 R. C. L. p. 78. It was peculiarly within the power of the defendant to establish that the care required had been used in maintaining as well as in constructing the window, but the facts found fall short of disclosing a sufficient compliance with this duty; on the contrary, they show that the defendant has not complied with its duty of inspection. It follows that the judgment, when deprived of the support of the

Cishowski *v.* Clayton Mfg. Co.

inferences and conclusions which we have held to be untenable, cannot stand.

There is error and a new trial is ordered.

In this opinion the other judges concurred.