[No. 3087. Aug. 26, 1927. Rehearing Granted July 18, 1928. Opinion Adhered to July 30, 1928.]

MAJORS v. KOHLHOUSEN.

[270 Pac. 896.]

530

Fred J. Voorhees, of Raton, for appellant.

Louis S. Wilson, of Raton, for appellee.

### OPINION OF THE COURT

PARKER, C. J. Plaintiff (appellee) brought an action to recover for services rendered as a real estate broker. The complaint contains three counts, in each of which the plaintiff pleaded a specific contract of employment to find a purchaser for certain real estate of the defendant. He alleged that he found the purchaser and the property was accordingly sold by the defendant. The defendant denied the contract of employment in her answer. The action resulted in a verdict and judgment for the plaintiff in the sum of $1,082, from which judgment defendant has appealed.

 Defendant complains of the instructions to the jury. It is to be noted that the issue tendered by the complaint was whether plaintiff was employed to find a purchaser and did so, and whether defendant sold to such purchaser. The court instructed the jury as follows:

"If the jury find from the evidence that plaintiff was engaged in the real estate business in the city of Raton, and that defendant offered the property described in the complaint for sale, and that she employed the plaintiff to aid and assist her in effecting said sale either by previous authority or acceptance of plaintiff's agency and the adoption of his acts, and that plaintiff did faithfully occupy his time and render his services in so aiding defendant to effect said sale, then the plaintiff is entitled to recover such sum as the jury may find from the evidence to be a reasonable remuneration to plaintiff for said services, and in ascertaining what is a reasonable remuneration the jury may consider the rate of compensation, which you may find from the evidence was the usual and customary fee in the said city for services of like kind."

Defendant excepted to the instruction upon the ground that it raised a false issue because plaintiff's right to recover, as alleged in the pleadings, rested upon his finding of the purchaser, and not upon any assistance he may have

rendered defendant in selling to some purchaser found in some other manner; also, that the instruction was unintelligible to the jury for the reason that there was no evidence of reasonable value of the services rendered, the only evidence being as to the usual and customary fee paid for procuring a purchaser; also, that the jury were not informed that they must find the facts from a preponderance of the evidence. There was evident confusion in the mind of counsel for plaintiff in requesting, and in the mind of the court in giving, this instruction. It authorized a recovery by plaintiff upon an entirely different theory than that made out by the complaint. Under the complaint plaintiff must have been employed to find a purchaser, must have found him, and the sale must have been consummated by plaintiff's efforts. Under the instruction, plaintiff was allowed to recover, although he may have merely assisted defendant to close a deal with a purchaser already found by her through her own efforts or those of others, and, under the instruction, plaintiff was allowed to recover the reasonable value of his services when there was no evidence in the case of reasonable value of his services, the only evidence being as to the usual and ordinary fee charged for procuring a purchaser.

This was clearly error on the part of the court and entitles defendant to a reversal. It is argued by counsel for plaintiff that there is a waiver of this error by defendant growing out of the fact that the same propositions were embodied in requested instructions by the defendant. In this counsel is in error. We have examined defendant's requested instructions and find that they in no way embodied any such propositions. Counsel for defendant seems to have persistently endeavored to keep the case within the issues made by the pleadings.

It is unfortunate that this case must be remanded for a new trial by reason of the oversight of counsel and the court in failing to keep the case within the issues made by the pleadings. Counsel for defendant endeavored to do so, but failed by reason of adverse rulings, of which complaint is now made.

It follows that the judgment is erroneous and should be reversed and the cause remanded with direction to award a new trial, and it is so ordered.

WATSON, J., and HOLLOMAN, District Judge, concur.