217 P.2d 256

## MOBLEY v. GARCIA et al.

### No. 5254.

Supreme Court of New Mexico.

April 14, 1950.

Edward D. Tittmann, Hillsboro, for appellants.

Glen G. Hilford, Hot Springs, for appellee.

COMPTON, Justice.

Appellee, Annabel C. Mobley, instituted this action against Juan J. Garcia, an insane person, Adrian Garcia, his guardian, and against the said Adrian Garcia individually, for damages resulting from an assault and battery committed upon her by the said Juan J. Garcia. She complains that on account of pain and suffering, hospital and medical expense, and for loss of earnings and earning capacity resulting from injuries sustained by her, she has been damaged in amount of $25,000.00. She also claims that she is permanently disabled to the extent of sixty per cent. These

charges are put in issue by a general denial. As a defense to the alleged loss of earnings and earning capacity, appellant urges that appellee had been and was at the time of the injuries being supported by the public welfare department of the State of New Mexico and that in consequence of such assistance, she suffered no loss of earnings nor loss of earning capacity. The cause was tried to the court without a jury, whereupon the court rendered judgment for appellee for $2,500.00 for pain and suffering, $299.55 for necessary medical treatment and hospital care, and for $1,800.00 for loss of earnings and earning capacity. The case was dismissed as to Adrian Garcia as guardian and individually. Appellant, claiming error, appeals from that part of the judgment allowing $1,800.00 for loss of earnings and earning capacity.

The findings essential to a decision are:

3. Juan J. Garcia is, and for long has been, a victim of epileptic seizures, and when he is in the throes of such attacks he is dangerous to anyone who may come within his reach or to aid him, in that he has a tendency to strongly grasp and squeeze and hold and sometimes bite whoever then comes near. Before the occurrence in this suit complained of there is no record of his having ever attacked or hurt anyone except when he was in such an epileptic seizure.

4. At Hot Springs, on May 9, 1947, said Juan J. Garcia, at a time when he was not suffering an epileptic attack or seizure, without warning ran after and caught and made an unprovoked, violent physical attack upon the plaintiff Annabel C. Mobley. He grabbed her by the hair, beat her with his fists, threw her to the ground, pounded her head on the ground, jumped on her with his knees and feet, rendered her unconscious, and severely injured her. As a result of this attack and beating Mrs. Mobley was bruised, cut, suffered brain concussion, was unconscious for some three days next ensuing, was in the hospital for eight days and thereafter bedfast for some three weeks; she suffered great physical pain, and physical, nervous and mental shock, and she still suffers therefrom. Her condition has greatly improved but she still suffers from the nervous shock and condition induced, as well as physical pain in her chest and severe headaches and, according to the medical testimony, such conditions to some extent will continue for one to three years more, and to some extent such conditions may be permanent.

5. At the time when she was so attacked and injured Mrs. Mobley was employed as a waitress in a Hot Springs restaurant, at which employment she was then earning and receiving approximately $24.00 a week; and also she was doing the housework in her own home. On the day of the attack, which occurred at her home, she was temporarily absent from her said employment as waitress to assist in moving

her home to another place of residence in Hot Springs. For about a year next before the date of the attack she had been working as waitress at various restaurants in Hot Springs.

6. In January, 1937, upon her application therefor the plaintiff was put upon the relief rolls in Sierra County, by the Department of Public Welfare, and thereafter she remained on said relief rolls and received a sum monthly, as relief payment, up until and after the time of the attack and injury suffered by her as aforesaid. The amounts of such relief payments ranged from $20.00 to high of $42.00 a month during that period. At the time she applied to be and was first put on said relief rolls the plaintiff's presence in her home was required for the care of her little daughter, then about five years old; and plaintiff was then unable to find profitable employment in those depression years. The relief allowances so paid were for the plaintiff and her daughter.

7. Since the time of her injury, May 9, 1947, the plaintiff has been unable to work as a waitress or at any employment or to do her own housework in her home, except to a very limited extent.

8. For the treatment of her wounds and injuries the plaintiff paid and incurred expenses in the amount of $299.55.

9. The plaintiff has suffered pain and nervous and mental shock to an amount, so far as it may be measured in money, of $2,500.45; and she has suffered loss of earnings and capacity to earn of $1,800.00; as the proximate result of her said injury.

The single question is whether the findings as to loss of earnings and earning capacity are supported by substantial evidence.

The assault and battery as well as the extent of appellee's injury, as found by the court, is admitted. However, appellant contends (a) that since appellee is being supported by public assistance she has no cause of action, and (b) that there is no proof of loss of earnings and earning capacity. The former contention is without merit. The right of redress for wrong is fundamental. Charity cannot be made a substitute for such right, nor can benevolence be made a set-off against the acts of a tort-feasor. Cunnien v. Superior Iron Works Company et al., 175 Wis. 172, 184 N. W. 767, 18 A.L.R. 667; Norristown v. Moyer, 67 Pa. 355. Concerning the latter contention, appellee had a substantial income from her own labor. For about a year prior to the injury she had worked as a waitress, earning approximately $24.00 weekly. At times her tips amounted to five dollars and more daily. The extent of loss of earnings, past and prospective, are clearly stated by appellee, testifying in her own behalf, as follows:

"Q. What kind of work were you doing prior to the time of this event? A. I was a waitress.

"Q. Whereabouts? A. George and Earl's Cafe.

"Q. What were you earning at that time? A. Twenty-four dollars a week, my board and tips. My tips averaged five to eight dollars a day.

"Q. Were you working just prior to the time of this happening? A. No. Not just at that time.

"Q. What was your condition just prior to the time of this happening? A. Do you mean the reason I was not working?

"Q. Yes. A. Because we had built the house and my father was sick and we needed to get moved and I had to lay off work to get moved and had not started back.

"Q. You had been earning and was able to earn $24.00 a week? A. Yes.

"Q. How much money did you make? A. The first man (Mr. McClung) paid me $18.00 a week, then the cafe was closed while they remodeled it and it was sold; then I worked for the new owners.

"Q. How much did the new owners pay you? A. Twenty-four dollars a week.

"Q. Do you know whether or not you could have continued to work there except for this injury, could you have continued on? A. I think so."

From the above it is clear that appellee had been working quite regularly and it is fairly certain that her employment was continuous but for the injuries. It is equally certain that her capacity to earn will be impaired from one to three years. The evidence amply supports the finding that appellee has and will continue to suffer loss of earnings. The substantial evidence rule is binding on appeal. Koprian v. Mennecke et al., 53 N.M. 176, 204 P.2d 440; American Refrigerator Transit Co. v. Shepard, 53 N.M. 271, 206 P.2d 551; Sundt v. Tobin Quarries, Inc., 50 N.M. 254, 175 P. 2d 684; Bounds v. Carner, 53 N.M. 234, 205 P.2d 216.

The judgment will be affirmed with direction to the trial court to reinstate the case upon its docket and enter judgment against appellant and the sureties upon his supersedeas bond, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and McGHEE, JJ., concur.