237 P.2d 923

**MARTIN v. LA MOTTE et al.**
No. 5422.

Supreme Court of New Mexico.
Nov. 8, 1951.

580

C. Vance Mauney, Rodey, Dickason, Sloan, Mims & Akin, all of Albuquerque, for appellants.

Joseph L. Smith, W. T. O'Sullivan, Albuquerque, for appellee.

COMPTON, Justice.

This is a proceeding under the Workmen's Compensation Act to recover for an accidental injury.

Appellee alleges that while working for his employers, on November 7, 1949, as a carpenter on construction work, he suffered an accident causing temporary total and probable permanent partial or total disability. Appellants admit appellee suffered an injury to his left leg while thus employed but allege that he has fully recovered therefrom. In the alternative, they allege that the injury, if any, is confined to the knee of the left leg and that appellee is restricted to recovery of compensation as provided in section 57–918(a) (2) 7, (b) (30), New Mexico Statutes, 1941 Comp.

The cause was tried to the jury which found that appellee was totally and permanently disabled. Appellants moved for judgment non obstante veredicto or for a new trial and the same being overruled, judgment awarding compensation for total permanent disability, medical expenses and attorney fees was entered, from which appellants appeal.

The sufficiency of the evidence and the giving of certain instructions are made the basis of assignments of error. The objectionable instruction reads: "You have heard testimony that there is a mere possibility that claimant may recover. You are instructed that after six (6) months from judgment for plaintiff the defendants may require plaintiff to undergo a medical examination by a doctor of their own choice and the purpose of such examination is to have a hearing to determine whether there has been a recovery which would diminish or terminate a payment of compensation to plaintiff."

That the instruction is correct in the abstract cannot be questioned, § 57–925, 1941 Comp., as amended, ch. 65, Laws 1945, but its applicability is not apparent. The record fails to disclose any evidence upon which the instruction can be based and there is no issue to which it is addressed. A mere legal proposition, however correct, is improper unless it bears upon the issues involved and there is some competent evidence to which it may be applied.

The instruction is not only erroneous but highly prejudicial since it was calculated to cause the jury to take a chance on its verdict when there was available a sure means of correcting it six months hence, if wrong. Also, it clearly permitted the jury to speculate upon the results of judicial proceedings. Its obvious effect was to invite a finding for appellee. Consequently, the judgment cannot stand.

The author, at 53 Am.Jur. (Trials), par. 573, states the rule as follows: "* *. The general principle is that instructions given by the trial court, whether as a

part of its general charge or upon special request of counsel, should state the law as applicable to the particular facts in issue in the case at bar, which the evidence in the case tends to prove; mere abstract propositions of law applicable to any case, or mere statements of law in general terms, even though correct, should not be given unless they are made applicable to the issues in the case at bar. * * *"

The cases support the rule. Majors v. Kohlhousen, 33 N.M. 529, 270 P. 896; Marcus v. St. Paul Fire & Marine Ins. Co., 35 N.M. 471, 1 P.2d 567; O'Neal v. Geo. E. Breece Lumber Co., 38 N.M. 94, 28 P.2d 523; Rallis v. Connecticut Fire Ins. Co., 46 N.M. 77, 120 P.2d 736; Rio Grande Southern R. Co. v. Campbell, 44 Colo. 1, 96 P. 986; Osenbaugh v. Virgin & Morse Lumber Co., 173 Okl. 110, 46 P.2d 952; Peterson v. Sorensen, 91 Utah 507, 65 P. 2d 12.

In O'Neal v. Geo. E. Breece Lumber Co., supra [38 N.M. 94, 28 P.2d 524], we said: "* * * But as we have seen, it is improper for the court to give an instruction announcing a naked legal proposition, however correct it may be, unless it bears upon, and is connected with, the issues involved; and unless, further, there has been received some competent evidence to which the jury may apply it. To do so would tend to distract the minds of the jury from the real questions submitted to them for determination and thereby mislead them."

In Rio Grande Southern R. Co. v. Campbell, supra [44 Colo. 1, 96 P. 992], the rule was sustained in the following language: "* * * The purpose of instructions is to enlighten the jury. * * * They should direct the attention of the jury to the specific issues which it is their province to determine, and embrace only the statements of the law by which the evidence on these issues is to be examined and applied. Generally those serving upon juries are not accustomed to the duties devolving upon them, and are likely to be confused by the conflicting evidence and the arguments of counsel; and hence it is extremely important that, in order to aid them in discharging their duties intelligently, the issues of fact which they are to determine should be made plain, and the rules of law applicable to such issues succinctly stated. That these suggestions are not more frequently followed by our trial courts may, to some extent, be attributed to the zeal and anxiety of counsel to get before a jury instructions upon every conceivable phase of the case; so that often, no doubt, trial judges, for fear of committing reversible error by refusing instructions offered, are prompted to instruct to an unnecessary length, and advise the jury with respect to legal propositions which, though they may be correct, do not really enlighten or aid the jury in the discharge of its functions."

The conclusion reached renders a discussion of other questions unnecessary. The

judgment will be reversed with instructions to the trial court to reinstate the case upon its docket and enter an order granting appellants a new trial. And it is so ordered.

LUJAN, C. J., and SADLER and Mc-GHEE, JJ., concur.

COORS, J., not participating.