306 P.2d 1094

Alfonso PADILLA and Gilbert Padilla, A Minor, by Alfonso Padilla, his father and next friend, Plaintiffs-Appellees, .

v.

Sam CHAVEZ, Defendant-Appellant.

No. 6141.

Supreme Court of New Mexico.

Jan. 29, 1957.

Richard H. Robinson, Atty. Gen., H. E. Blattman, Las Vegas, for appellant.

Donald A. Martinez, Las Vegas, for appellees.

McGHEE, Justice.

Gilbert Padilla, a minor, was shot in the back of a leg by Sam Chavez, a state policeman. This action was instituted against Chavez by Alfonso Padilla, Gilbert Padilla's father, to recover compensatory damages on behalf of the son and also to recover damages the father sustained as the result of his being obligated for hospital and surgical expenses in connection with the son's injury, and for loss of services of the minor.

Gilbert Padilla was awarded damages in the sum of $2,500 and Alfonso Padilla was awarded the sum of $1,355.33, following trial to the court without a jury. The defendant brings this appeal.

In substance, the lower court findings are:

About 12:30 p. m. on May 30, 1954, Andres Jaramillo drove his car into a service station in the City of Las Vegas, New Mexico. Gilbert Padilla backed a vehicle against the rear side of the Jaramillo car and caused some slight damage to the left rear fender. As a result of the damage an argument ensued between Gilbert Padilla and Jaramillo and the latter summoned the defendant who was driving by the service station. The defendant talked to Gilbert Padilla and Jaramillo and attempted to stop the argument and told Gilbert Padilla that he would have to pay for the damages.

An argument ensued between Gilbert Padilla and the defendant and ultimately Gilbert Padilla struck several blows upon the defendant, cutting his face and knocking him against the back of the Jaramillo car. Jaramillo stepped between Gilbert Padilla and the defendant and Gilbert Padilla then walked away. When Gilbert Padilla had walked fifteen or twenty feet the defendant called to him and said, "Look what you have done to me, you are under arrest." Thereupon the defendant drew his gun, fired at Gilbert Padilla and the bullet struck Gilbert Padilla's left leg at a point just back of the mid-third of the left thigh, having a very slight downward direction and causing a comminuted fracture of the left femur.

The shooting of Gilbert Padilla by defendant constituted the use of more force than was necessary to overcome the resistance of Gilbert Padilla and placed him under physical restraint, considering the circumstances prior to and immediately following the firing of the shot, and constituted an excessive and unnecessary use of force by the defendant. The shooting was not necessary for the safety or protection of the defendant and the only excuse therefor, other than the defendant's blind rage, was the attempt to arrest Gilbert Padilla for a misdemeanor.

Under point one the defendant contends the court's findings of fact are not supported by substantial evidence, but we cannot agree with this contention. It is true the defendant attempted to make out a weak case of self defense in that he said Gilbert Padilla was moving around as if shadow boxing (and he was a boxer); that the defendant believed he was in imminent danger of bodily harm; and, in addition, that defendant shot down at the ground and Gilbert partially turned his leg, with the result the bullet went into the back of his leg.

■ It is very apparent the trial court did not believe the testimony of the officer, but accepted that of the plaintiffs' witnesses to the occurrence, which supports the findings made.

■■ It is well settled in this state that an officer does not have the right to shoot a misdemeanant in order to place him under arrest, absent an attempt by the offender to kill or inflict great bodily harm on the officer. The same rule applies if a misdemeanant is under arrest and breaks away and flees. The officer is not authorized to shoot or kill him merely to stop the flight. State v. Gabaldon, 1939, 43 N.M. 525, 96 P.2d 293. See also State v. Vargas, 1937, 42 N.M. 1, 74 P.2d 62, opinion on rehearing: 42 N.M. 5, 74 P.2d 65.

■ Here, according to the finding, the shooting was done by the defendant either to satisfy his blind rage or to arrest the assailed for a misdemeanor. The shooting was not justified for either reason or both.

The second point is that the conclusion of law the defendant was liable in damages for the shooting was erroneous under our statements in State v. Vargas as to what an officer could do to effect an arrest. A sufficient answer to such contention is the facts in the present case as found by the court did not justify the shooting.

The judgment will be affirmed. It is so ordered.

LUJAN, C. J., and SADLER, COMP-TON and KIKER, JJ., concur.