La Fave, Respondent, vs. Lemke and another, Appellants.

*March 3—April 8, 1958.*

For the appellants there were briefs by *Evrard, Evrard, Duffy, Holman & Faulds* of Green Bay, and oral argument by *John P. Duffy* and *James R. Faulds*.

For the respondent there was a brief and oral argument by *James H. Plier* of Oconto.

BROWN, J. Appellants submit that the trial court's instruction to the jury on the question of La Fave's contribu-

tory negligence was prejudicially erroneous. The question, with the jury's answer, was:

"Fifth question: At or immediately before the time of the collision in question,

"Was the plaintiff Rueben La Fave negligent in bringing his automobile to a stop in the manner and place he did? Ans.: No."

In the instruction on this question the court read to the jury sec. 85.19 (1), Stats.:

*"Parking on Highway.* No person shall park, stop, or leave standing any vehicle, whether attended or unattended, upon any highway outside a business or residence district when it is practical to park, stop, or leave such vehicle standing off the roadway of such highway, provided that in no event shall any person park, stop, or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of no less than 15 feet upon the roadway of such highway opposite such standing vehicle shall be left for the free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction along such highway."

Sec. 85.10 (21) (a) and (e), Stats., provide definitions pertinent here, as follows:

"(a) A highway is every way or place of whatever nature open to the use of the public as a matter of right for the purposes of vehicular travel. The term 'highway' shall not be deemed to include a roadway or driveway upon grounds owned by private persons, colleges, universities, or other institutions, except upon property under the jurisdiction of the board of regents of state colleges.

"(e) Roadway is that portion of a highway between the regularly established curb lines or that portion which is commonly used by vehicular traffic."

There are no curb lines at the place where the accident occurred. In *Guderyon v. Wisconsin Telephone Co.* (1942), 240 Wis. 215, 221, 2 N. W. (2d) 242, we held that the shoulder of a highway, not being commonly used for vehicular traffic, cannot be included as part of the roadway.

Sec. 85.10 (28) and (29), Stats., define business and residence districts thus:

"(28) *Business District.* The territory contiguous to a highway when 50 per cent or more of the frontage thereon for a distance of 300 feet or more is occupied by buildings in use for business.

"(29) *Residence District.* The territory contiguous to a highway not comprising a business district where the frontage on such highway for a distance of 300 feet or more is mainly occupied by dwellings or by dwellings and buildings in use for business."

Photographs in evidence show the area to be open country, and neither a business nor a residence area.

Applying these definitions to this situation "highway" in this case includes the shoulders and "roadway" includes only the cement pavement. One must observe, then, that sec. 85.19 (1), Stats., directs that, if it is practical to park, stop, etc., off the cement no person shall stop or park on the shoulder. We cannot think that is what the legislature meant. The ambiguity or absurdity is sufficiently apparent for us to construe the section as saying that no one shall stop or park on the roadway (cement) if it is practical to get off it onto the shoulder and, having got onto the shoulder, he has complied with this statute unless he stops where he violates its provisions for leaving a clear roadway or a clear view. His duty to use ordinary care continues.

The evidence shows that when his car was struck La Fave was stopping, or had stopped some 70 feet to the rear, south of the Taylor car and on the opposite shoulder. It is undisputed that this left more than 15 feet of clear and unob-

structed roadway opposite the La Fave automobile, as directed by sec. 85.19 (1), Stats.

Respecting the requirement of sec. 85.19 (1), Stats., that the parked vehicle should be capable of being seen at a distance of 200 feet, there was evidence which the jury might believe that when the Lemke car stopped after the collision it was 240 feet distant from La Fave's automobile and was within sight of it. One of Lemke's passengers testified that at the time and place of the collision there was at least 200 feet of visibility in the direction of the La Fave car. Furthermore, Lemke and another of his passengers testified that they saw La Fave while both he and Miss Taylor were proceeding north, in the east lane. If the jury believed this, it is obvious that La Fave was visible to Lemke before he, La Fave, went onto the shoulder and whether there was more or less than the statutory visibility was immaterial, being no part of the cause of the collision.

The jury was well warranted by the evidence in concluding that there was no breach by La Fave of sec. 85.19 (1), Stats.

Appellants assert that the court gave insufficient instructions on the plaintiff's common-law duty to use due care. On this subject the court charged:

"A person is negligent when without intending to do any wrong, he does such an act or omits to take such a precaution that under the circumstances present he, as an ordinary prudent and intelligent person, should foresee that his conduct is thereby exposing the interests of another to an unreasonable risk of harm. In determining whether a person has exposed the interest of another to an unreasonable risk of harm you shall take into consideration all of the circumstances present, and consider the judgment that would be exercised by an ordinary intelligent or prudent person, and you should also consider whether or not the conduct of the person was such as the great mass of mankind, or his prototype—the average person—would have done under the circumstances present.

"A person is negligent when he fails to exercise ordinary care. And ordinary care is that degree or kind of care that is ordinarily exercised by the great mass of mankind under the same or similar circumstances. A person who fails to exercise ordinary care is negligent."

Appellants did not submit a request for a different instruction but now they say:

"A simple instruction directing the jurors that ordinary care on the part of the plaintiff, La Fave, in parking his automobile in the manner and place in which he did, would mean such care and caution as the majority of experienced, competent persons would ordinarily use under the same or similar circumstances, and that the jury should consider all of the circumstances present including the nature of the highway, the condition of the highway, the traffic upon it, the character of the weather, and all other similar circumstances would have furnished an applicable standard."

We think the instruction as given sufficiently directs the attention of the jury to a consideration of all surrounding circumstances without enumerating them. It was counsel's privilege rather than the court's duty to expatiate on the circumstances in as much detail as counsel thought his case required. We cannot hold that the court committed error here, particularly in the absence of a request by appellants for elaboration.

The evidence warrants the jury finding that La Fave was not negligent in fact.

Appellants submit that the court erred in permitting Dr. Aageson to testify to subjective complaints which plaintiff related to him and which formed a partial basis for the doctor's opinion.

We have studied the record carefully. It does not bear out the claim of error. After retaining a lawyer to protect his interests, three days after the accident La Fave went to Dr. Aageson, his family physician for treatment. Until then

Aageson had been out of town. La Fave told Aageson that certain areas of his body were painful. That is what appellants object to. Aageson examined those areas and observed discoloration and muscle spasm. He testified that these conditions indicate an injury and are accompanied by pain. X-ray pictures gave further evidence of injury which would produce pain in those parts. It was not error for the trial court to permit the doctor to say that La Fave told him that he wanted attention because his leg and back hurt. The so-called recitation of subjective symptoms amounts to no more than a direction of the doctor's attention to the parts to be examined. The examination produced a wealth of objective evidence confirming the presence of pain and the doctor's expert opinion concerning it. There was no such repetition of hearsay evidence as was held objectionable in *Kath v. Wisconsin Central R. Co.* (1904), 121 Wis. 503, 99 N. W. 217, *Schields v. Fredrick* (1939), 232 Wis. 595, 288 N. W. 241, and the similar decisions relied on by appellants.

We find reversible error in the charge of the trial court regarding an item of damages. The court charged:

" '(b) Personal injuries' encompasses many things and includes many factors and elements. You will consider in arriving at a sum of money that fairly and reasonably compensates the plaintiff Rueben La Fave for personal injuries the amount of money that he has thus far expended for medical care, and you will consider the amount of expense that he is likely to be required to expend for future treatment if you find that his injuries and his disabilities will continue into the future."

Although there is evidence which would support findings that there will be pain in the future and treatment for it will be reasonably necessary there is no evidence concerning any cost of such treatment. The jury was told to take expense of treatment into consideration in reaching its award of dam-

ages, but its answer to that extent rests only on speculation. (See *Sawdey v. Schwenk* (1958), 2 Wis. (2d) 532, 537, 87 N. W. (2d) 500.) The verdict asked and the jury found a lump sum for personal injuries ($7,500) and we have no means of telling how much of this is for the cost of future medical treatment. Since we cannot separate the speculative item we must hold that the entire award is tainted and must be set aside. This requires a new trial on the issue of damages for personal injury.

*By the Court.*—Judgment reversed, and cause remanded for a new trial on the issue of damages for personal injury.