401 P.2d 310

Marie EVEN, Plaintiff-Appellant,

v.

Gus MARTINEZ, Defendant-Appellee.

No. 7496.

Supreme Court of New Mexico.

April 19, 1965.

Bingham & Klecan, Albuquerque, for appellant.

McRae, Ussery, Mims, Ortega & Kitts, William E. Snead, Albuquerque, for appellee.

CHAVEZ, Justice.

Marie Even, plaintiff below, appeals from a judgment entered on a jury verdict dismissing her claim.

Appellant filed a complaint seeking damages for personal injuries. The complaint alleged a one-car accident and stated that on March 2, 1962, appellee negligently, recklessly and carelessly ran his automobile off the road and crashed into a fence, and that appellant paid appellee for transportation by regular and periodic payments.

Appellee answered, generally denying the allegations of the complaint and setting up various defenses, including contributory negligence, unavoidable accident and assumption of risk. Appellee also alleged that at the time of the accident appellant was being transported by appellee as his guest, without payment for such transportation, and that said accident was not intentional on the part of appellee, nor was it caused by his heedlessness or his reckless disregard of the rights of others.

This action arose out of a one-car accident on Sandia Base in Albuquerque, New Mexico. Appellee was driving the car and appellant was riding with him in the front-passenger seat on the right. The accident occurred on a right-hand curve leading into a parking lot near the building where appellee worked.

Appellant's first point is that the trial court erred in giving instructions on reckless and wanton conduct, in defining reckless and wanton conduct, and in submitting those issues to the jury. Appellant contends that instructions Nos. 18 and 20, in particular, misled and confused the jury by injecting a false issue into the case. Instructions Nos. 18 and 20, and other pertinent instructions, are as follows:

"18. You are instructed that the right of the plaintiff to a verdict against

**134**

the Defendant, if any, is governed by the provisions of Sec. 68–1001, N.M. S.A., 1941 Compilation [§ 64–24–1, N.M.S.A., 1953 Comp.], the pertinent part of which reads as follows:

"'No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such action shall have been intentional on the part of said owner or operator or caused by his heedless [sic heedlessness] or his reckless disregard of the rights of others.'

"You will observe that the statute limits the liability of the owner or operator of the motor vehicle to the guest in such motor vehicle to two classes of cases: First, when the accident was caused by intentional misconduct; and second, when the accident was caused by heedlessness or reckless disregard of the rights of others.

"19. * * *

"It is for you to determine whether or not Marie Even paid for her transportation at the time of the accident, and if you so find, then you are instructed that she may recover from the defendant if he was guilty of negligence proximately causing the accident, unless you find that she was contributorily negligent which was a proximate cause of the accident.

"20. The words 'heedless and reckless disregard of the rights of others,' means a reckless disregard of, or an indifference to, consequences to the rights of others. Heedless and reckless conduct does not necessarily or usually imply a willingness to injure, nor does it mean momentarily thoughtless inadvertence or error in judgment, but rather means a reckless indifference on the part of the driver to the safety of those with him.

"On the other hand, the driver of a car may make a mistake in judgment and may be guilty of ordinary negligence; that is, a failure to use such care as a person of ordinary prudence would use under like circumstances, without being guilty of heedless and reckless disregard of the safety of those riding with him. As I have heretofore told you, heedless and reckless disregard of the safety of others, as used in the Guest Law, means an indifference on the part of the driver to the safety of those with him. So, in this case, even though you may believe that the Defendant

did not exercise due care in the operation of his car, but that his action grew out of a mistake of judgment on his part, and was simply negligent, but that he was not indifferent to the safety of the Plaintiff, then your verdict must be for the Defendant.

" * * *

"24. You are instructed that since plaintiff was a paying passenger, then the defendant owed to her the same duty that he owed to other persons who would be driving other vehicles, or passengers therein.

"25. You are instructed that the plaintiff was a paying passenger within the meaning of New Mexico law."

In instruction No. 19 the trial court quoted the Guest Statute, as hereinbefore set out in instruction No. 18, and then stated that it was for the jury to decide whether or not appellant paid for her transportation at the time of the accident and, if the jury so found, then that she may recover from appellee if he were guilty of negligence proximately causing the accident, unless the jury found appellant was contributorially negligent. In instruction No. 24, the trial court told the jury that since appellant was a paying passenger, appellee owed her the same duty that he owed to drivers of other vehicles. In instruction No. 25, the trial court stated that appellant was a paying passenger under the

New Mexico law. Considering instructions 19, 24 and 25 as a whole, it is apparent that the trial court found and instructed that, as a matter of law, appellant was a paying passenger. The jury had no other alternative but to find that appellant was a paying passenger of appellee at the time of the accident. In addition, an apparent conflict between instructions is present as hereinafter pointed out in more detail.

Instruction No. 18 states the liability of appellee in only two instances: (1) Intentional misconduct, and (2) heedless and reckless disregard of the rights of others. Although the full Guest Statute was read to the jury, it was qualified by the subsequent language of the trial court limiting appellee's liability to only two instances. The trial court clarified the latter part of the Guest Statute and ignored the part relating to a paying passenger.

In instruction No. 20, the trial court defined the phrase "heedless and reckless disregard of the rights of others," stated that ordinary negligence falls short of a heedless and reckless disregard of the rights of others, and then stated:

"20. * * * So, in this case, even though you may believe that the Defendant did not exercise due care in the operation of his car, but that his action grew out of a mistake of judgment on his part, and was simply negligent, but that he was not indif-

ferent to the safety of the Plaintiff, then your verdict must be for the Defendant."

Instruction No. 20 is misleading and prejudicial to appellant because it purported to instruct on the heedless and reckless disregard of the rights of others under the Guest Statute. This was not an issue in the case since appellant withdrew the allegation of "heedless and recklessness" of appellee and rested the case on the issue of simple negligence. After misleading the jury on the false issue, the trial court instructed the jury that appellant could not recover even if the jury believed appellee was guilty of simple negligence. This was highly prejudicial to appellant and is reversible error.

We have held many times that it is error for a trial court to submit instructions on issues not raised by the pleadings (see Pitner v. Loya, 67 N.M. 1, 350 P.2d 230; Ware v. Cattaneo, 69 N.M. 394, 367 P.2d 705; Martin v. La Motte, 55 N.M. 579, 237 P.2d 923), or to submit instructions which are likely to confuse or mislead the jury (see Gerrard v. Harvey & Newman Drilling Company, 59 N.M. 262, 263, 282 P.2d 1105; Reed v. Styron Construction Co., 69 N.M. 262, 365 P.2d 912).

[4] The inclusion of instruction No. 18 and that portion dealing with heedless and reckless disregard of the rights of others in instructions Nos. 19 and 20, not to mention quoting the Guest Statute twice in succeeding instructions, injected and emphasized a false issue and was likewise reversible error under the authorities cited above. No rule of consideration of all instructions as a whole, long recognized in New Mexico (Hamilton v. Doty, 71 N.M. 422, 379 P.2d 69) can help appellee here. That rule applies only where the law of the case is fairly presented in the instructions when so considered. See also, Mills v. Southwest Builders, Inc., 70 N.M. 407, 374 P.2d 289; Ortega v. Texas-New Mexico Railway Company, 70 N.M. 58, 370 P.2d 201; McFatridge v. Harlem Globe Trotters, 69 N.M. 271, 365 P.2d 918, 89 A.L.R.2d 1154; Baros v. Kazmierczwk, 68 N.M. 421, 362 P.2d 798; Blewett v. Barnes, 62 N.M. 300, 309 P.2d 976; Irwin v. Graham, 62 N.M. 72, 304 P.2d 875; Thompson v. Anderman, 59 N.M. 400, 285 P.2d 507; Mitchell v. Allison, 54 N.M. 56, 213 P.2d 231.

We do not determine whether instruction No. 19 was erroneous because of its reference to appellant's possible contributory negligence, nor do we say that instruction No. 19, as a correct statement of the law on the issue of payment, was so specifically stated as to preponderate in the minds of the jury over instruction No. 20 in reaching their decision. We hold that instruction No. 20 was misleading to the jury, contradictory to instructions Nos. 19, 24 and 25, prejudicial to appellant, and is reversible error.

Our holding makes it unnecessary to consider other points raised by appellant.

The cause is reversed and remanded to the district court with direction to set aside the judgment heretofore entered, to reinstate the case on the trial docket, to grant a new trial, and to proceed in a manner not inconsistent with this opinion.

It is so ordered.

CARMODY, C. J., and MOISE, J., concur.