402 P.2d 44

**Mr. and Mrs. L. R. PFLEIDERER, Plaintiffs-Appellees,**

**v.**

**The CITY OF ALBUQUERQUE, Albuquerque, New Mexico, Defendant-Appellant.**

**No. 7593.**

Supreme Court of New Mexico.

May 10, 1965.

Threet, Threet, Glass & King, Albuquerque, for defendant-appellant.

Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for plaintiffs-appellees.

COMPTON, Justice.

The City of Albuquerque appeals from a judgment awarding damages against it for the negligent maintenance of its sewer lines. The complaint alleges damages in amount of $20,000.00, and the cause was tried to a jury. The denial by the court of appellant's motion for a directed verdict at the close of the evidence is the principal point on appeal.

The appeal challenges (a) the sufficiency of the evidence to support the verdict, (b) the giving of certain instructions, and (c) the refusal by the court of certain requested instructions.

On December 31, 1962, sewage from the appellant's eight inch sewage lateral or sewer feeder line backed up into the residence of appellees located at 148 Richmond Drive Southeast, flooding the basement of the premises with sewage to a depth of some 5 or 6 inches, thereby causing damages to the premises and furnishings therein. The back-up lasted for about 5 minutes and suddenly stopped. There is testimony that appellant's crew dispatched to appellees' residence shortly after the incident were unable to determine the cause of the back-up.

The appellant makes the contention that since the cause of the back-up was unknown and that it did not have notice of the cause, the city is not liable in damages. The appeal cannot be disposed of on

this hypothesis. While the fact that a sewer does back-up is not of itself proof of negligent operation, nevertheless, a municipality is liable for negligence in the operation and maintenance of its system.

The city sewer system embraces more than 800 miles. The manholes in and adjacent to the 400 block of Richmond Drive Southeast are more than 12 feet deep, and on occasions sewage rises to within 3 feet of the ground level. Previously the city had adopted a policy of cleaning by rodding its sewer lines each three months, particularly where root trouble prevailed. In the 300, 400 and 500 blocks of Richmond Drive Southeast there is evidence of "quite a few trees and quite a few roots." But the city failed to pursue this policy consistently in this area. Our review of the evidence discloses the following. The appellees had this same trouble twice previously, once in 1959 and again in 1960, of which the city had knowledge. The 400 block was completely rodded in May, 1960; one-half was rodded in June, 1960; one-half was rodded in September, 1960; one-half was rodded in November, 1960; entire block rodded in March, 1961; one-half was rodded in May, 1961; one-half was rodded in October, 1962. Those instances where the block was only partially rodded, the record does not disclose which half. Thus, the last time the entire 400 block was rodded was March 7, 1961, some 22 months prior to the incident in question.

In addition to the 800 mile system, appellant also operates and maintains 150 miles of storm sewer, amounting blockwise to some 9500 blocks. There is evidence that over the previous five-year period, the appellant had some 100 complaints, averaging one complaint for each 192 blocks. The evidence discloses further that 7 per cent of all complaints related to 5 blocks, the 100 block to the 500 block inclusive, Richmond Drive Southeast.

We think the evidence afforded ample basis for a reasonable inference to be drawn therefrom that the cause of the back-up was appellant's negligence in failing to exercise reasonable care to keep its sewer line free of obstructions. Compare Murphy v. City of Carlsbad, 66 N.M. 376, 348 P.2d 492; Barker v. City of Santa Fe, 47 N.M. 85, 136 P.2d 480; New Mexico Products Co. v. New Mexico Power Co., 42 N.M. 311, 77 P.2d 634; Pardini v. City of Reno, 50 Nev. 392, 263 P. 768; City and County of Denver v. Mason, 88 Colo. 294, 295 P. 788; 4 Dillon on Municipal Corporation, 5th Ed. p. 3061; McQuillan on Municipal Corporation, 3rd Ed. Vol. 18, § 53.125. See also City of Holdenville v. Moore, Okl., 293 P.2d 363, 59 A.L.R.2d 276.

Having concluded that the evidence was sufficient to support the verdict, it follows that the denial of the motion for a directed verdict was proper.

The point is made that the court erred in giving instructions 17 and 18. We find no difficulty in disposing of this point. The objection to the instructions, in part, reads:

"* * * not being a true statement of law in that it presents to the jury the view that a trespass may be committed by a negligent act as opposed to an intentional act and for the further reason that it presents to the jury for their consideration the third cause of action heretofore dismissed upon motion of the city and order of the court."

■ On appeal the point is made that the instructions are not supported by the facts. Clearly, the point raises questions entirely different from those interposed by the objection. We have consistently held that in order to preserve error it is necessary to tender a correct instruction or to point out the specific vice in the instruction given by objection thereto. Hendricks v. Hendricks, 55 N.M. 51, 226 P.2d 464; Zamora v. Smalley, 68 N.M. 45, 358 P.2d 362. See also State v. Compton, 57 N.M. 227, 257 P.2d 915; Horrocks v. Rounds, 70 N.M. 73, 370 P.2d 799; Baca v. Baca, 71 N.M. 468, 379 P.2d 765.

■ Obviously, the objection was not enough to alert the mind of the trial court to the specific vice now claimed in the instruction. A party will not be permitted to change his theory of the case on appeal. Hendricks v. Hendricks, supra.

■ A further point is made that the court erred in refusing to give its tendered instruction number 2, the pertinent part of which reads:

"Prior notice, actual or constructive, is necessary as a condition precedent to the city's liability. Constructive notice may be inferred from a duty to inspect and to clean the sewer when necessary.

"You are instructed that if you find from the evidence that the obstruction arose so suddenly that the city had no opportunity to have either actual or constructive notice of such condition, then you must find that the city was not negligent with respect to its maintenance and operation of the sewer line."

This point is without merit. The tendered instruction is repetitious and is covered by the court's instruction number 21, which, in part, reads:

"The plaintiffs have alleged that the city was negligent in the maintenance and operation of one of its sewer lines. Prior notice, actual or constructive, is necessary as a condition precedent to the city's liability for negligence. Constructive notice may be inferred from a duty to inspect and to clean the sewer when necessary.

"If you find from the evidence that the city had no actual or constructive

notice that the sewer might back-up in time to avoid the damage to the plaintiffs' house then you must determine whether or not the prior sewer back-ups testified to by the witnesses were sufficient to put the city on notice of the possibility of another back-up and you must also determine, if the city was put on notice, whether the city exercised reasonable care in the maintenance and operation of the sewer line."

■ Finally, appellant contends that the court erred in refusing to give the following instruction tendered by it. The instruction reads:

"No. 11—You are hereby instructed that if you find that the defendant is liable, you may return a verdict for those damages only arising from the injuries suffered by the property, as shown by the evidence, and under no circumstances are you to consider as damages any sickness, or physical or mental discomfort suffered by the plaintiff herein."

The refusal was not error. The court properly instructed the jury as follows:

"No. 16—you are instructed that if you find the issues in this lawsuit in favor of the plaintiffs, then you will award them damages in such amount as will reasonably compensate them for the injuries sustained."

There is evidence that the property was worth $20,000.00 and that its value was depreciated to the extent of from 35% to 50% of its value by the flooding. The amount awarded was $4,100.00. Appellees did not seek damages for sickness, physical or mental discomfort suffered by them, and there is nothing in the record to indicate that damages were awarded for anything other than for actual damages to the property.

The judgment should be affirmed, and it it so ordered.

CHAVEZ and NOBLE, JJ., and GEO. L. REESE, Jr., D. J., concur.

MOISE, J., dissenting.

MOISE, Justice (dissenting).

The majority opinion is to my mind a repetition of the type of error into which this court fell in Hayes v. Hagemeier, 75 N.M. 70, 400 P.2d 945, in which I felt called upon to dissent.

As in that case, the majority here undertake to support the conclusion reached by avoiding the true issue presented by taking refuge behind a rule of procedure. I cannot agree to such a technical approach. Not only was appellant right in its legal position but, as I see it, the rule denying review embraced by the majority is not correctly applied.

In appellee's third cause of action damages were sought for a claimed failure on the part of the City to provide an adequate outlet for sewage, thereby causing the back-up and resulting damage to appellee. It was conceded that if these allegations were supported by substantial evidence presented at the trial, the City was responsible even though not otherwise proven negligent. At the trial plaintiffs dismissed their third cause of action, evidently conceding that they were not relying on any theory of an adequate outlet, or any right to recover, absent negligence of the City which proximately caused the damage. Nevertheless, instructions 17 and 18 were given to the jury whereby they were told that if the evidence satisfied them that the outlet for sewage was inadequate, the City was liable. The pleadings, after the third cause of action was dismissed, did not assert such a claim; there was no proof to support such a claim; yet, the majority "find no difficulty in disposing of this point." I find it not only difficult, but impossible, to dispose of it as they have done. This court has consistently held that the injecting of a false issue in the instructions is prejudicial error and requires a reversal. See Pitner v. Loya, 67 N.M. 1, 350 P.2d 230, in which the situation is strikingly similar to that here present. After ruling that the statute dealing with crosswalks was not properly in the case, the court "inadvertently" instructed on the law dealing with crosswalks. We

held this to be reversible error. Here, after dismissing the third cause of action, the court gave an instruction covering the cause of action previously dismissed. The rule in Pitner v. Loya, supra, is applicable. See also, Even v. Martinez, 75 N.M. 132, 401 P.2d 310, decided April 19, 1965—just a few weeks ago—a case which we reversed for the identical reason.

The majority also state that "the objection was not enough to alert the mind of the trial court to the specific vice now claimed in the instruction" and that a party "will not be permitted to change his theory of the case on appeal." These statements, though legally correct, have no application here. In the first place, I give the trial judge credit for being more perceptive than do the majority. Rather, I attribute the error to inadvertence as was done in Pitner v. Loya, supra. In the second place, the City's objection to the instruction, as stated and quoted in the majority opinion, is the identical argument advanced here on appeal. The contention is that the third cause of action had been dismissed because there was no evidence supporting a theory of inadequate outlet resulting from design or construction; yet instruction 17 told the jury that if they believed plaintiff's injury to have been from such cause, the defendant was negligent and liable. Not even under the strictest and most technical rule can it be concluded that defendant's objection was not adequately stated or that it

has changed its theory. To assert otherwise merely results in avoiding consideration of the error so patently present.

I am firmly convinced that the objection, as stated in the record, was clear, understandable and meritorious. The trial court erred in its ruling and in instructing as it did. The case should be reversed and remanded for a new trial, free from such error. I dissent from the contrary conclusion reached by the majority.