435 P.2d 1010

**Willine WHITE, a Widow, and American Reliable Insurance Company, Plaintiffs-Appellants,**

v.

**The CITY OF LOVINGTON, New Mexico, a Municipal Corporation, Defendant-Appellee.**

No. 65.

Court of Appeals of New Mexico.
Dec. 22, 1967.

R. E. Richards, Girand, Cowan & Reese, Hobbs, for plaintiffs-appellants.

Lowell Stout, Hobbs, for defendant-appellee.

## OPINION

WOOD, Judge.

The case involves an obstructed sewer line. The appeal raises two issues: (1) In ruling on a motion to dismiss made after plaintiff had completed the presentation of its evidence in a non-jury trial, how is the trial court to view the evidence? (2) Did the trial court err in ruling that plaintiff failed to prove negligence?

The complaint alleges that defendant was negligent in failing to properly inspect and maintain the municipal sewer line serving the property of Willine White. Trial was without a jury. After plaintiff rested its case in chief, defendant moved to dismiss. The trial court sustained the motion, made findings of fact and conclusions of law and entered judgment in favor of defendant. Plaintiff, insurer, the real party in interest, appeals.

Plaintiff contends that the trial court erred in sustaining the motion because sufficient evidence had been introduced to make a prima facie case for recovery by plaintiff. It asserts that the trial court must view plaintiff's evidence in its most favorable aspect, indulging all inferences in favor of plaintiff and disregarding all unfavorable testimony.

Plaintiff cites various New Mexico decisions in support of this contention. The cases cited fall into two categories: (1) motions for a directed verdict in jury cases or (2) opinions in non-jury cases decided prior to Hickman v. Mylander, 68 N.M. 340, 362 P.2d 500 (1961). The rule in jury cases is not applicable, and the rule stated in the non-jury cases decided prior to Hickman v. Mylander, supra, is no longer the law in New Mexico.

■ Hickman v. Mylander, supra, held that under § 21-1-1(41) (b), N.M. S.A.1953, the trial court is not bound to give plaintiff's testimony the most favorable possible aspect. Rather, the trial court is to give the testimony such weight as it is entitled to receive. Thus, the trial court, as the trier of the facts, is to apply its own judgment in ruling on a motion to dismiss after plaintiff has completed the presentation of its evidence. Assuming, but not holding, that plaintiff had established a prima facie case, a prima facie case does not preclude dismissal by the trial court. Blueher Lumber Co. v. Springer, 77 N.M. 449, 423 P.2d 878 (1967).

The Hickman decision states how the trial court is to view the evidence in ruling on a motion to dismiss at the close of plaintiff's evidence in a non-jury case. The rule stated by Hickman is applied in the following decisions. Montano v. Saavedra, 70 N.M. 332, 373 P.2d 824 (1962); Blancett v. Homestake-Sapin Partners, 73 N.M. 47, 385 P.2d 568 (1963); Frederick v. Younger Van Lines, 74 N.M. 320, 393 P.2d 438 (1964); Blueher Lumber Co v. Springer, supra; Gilon v. Franco, 77 N.M. 786, 427 P.2d 666 (1967).

In sustaining the motion, the trial court weighed the evidence and applied its judgment to the evidence. It proceeded in accordance with Hickman v. Mylander, supra.

■ The trial court found that plaintiff had failed to prove negligence. In determining whether this finding is correct, we view the evidence in the light most favorable to support the finding. Blancett v. Homestake-Sapin Partners, supra; Frederick v. Younger Van Lines, supra.

Mrs. White was gone from her home for four weeks. Immediately prior to her departure the toilet was flushed. The ball valve in the tank did not reseat with the result that water continued to run in the commode. Upon her return, clear water was overflowing from the commode. The interior of her home was flooded because the commode did not drain. After defendant's sewer was cleaned out, the commode drained properly.

■ Pfleiderer v. City of Albuquerque, 75 N.M. 154, 402 P.2d 44 (1965), held that a municipality is liable for negligence in the operation and maintenance of its sewer system. In Pfleiderer the negligence was defendant's failure to exercise reasonable care to keep its sewer line free of obstructions. Here, the negligence claimed is that defendant failed to properly inspect and maintain the sewer line serving Mrs. White's property, and due to this failure the line became obstructed.

■ The claim is that defendant was negligent by failure to act. A failure to act, to be negligent, must be a failure to

do an act which one is under a duty to do and which a reasonably prudent person in the exercise of ordinary care would do. N.M. UJI 12.1; see Krametbauer v. McDonald, 44 N.M. 473, 104 P.2d 900 (1940); Cotter v. Novak, 57 N.M. 639, 261 P.2d 827 (1953).

■ We assume that defendant was under a duty to inspect and maintain the sewer line to prevent obstruction. Did defendant fail to carry out this duty? The fact that the sewer was obstructed is not of itself proof of negligence. See Pfleiderer v. City of Albuquerque, supra. To be negligent, defendant must have failed to act as a reasonably prudent person in the exercise of ordinary care. "Ordinary care" is a relative term; it depends upon the circumstances. N.M. UJI 12.2, and cases therein cited.

The circumstances are: Mrs. White complained to defendant "more than" two or three times over a seven-year period; whenever she complained defendant sent men out. She had no trouble with the line for the last two to three years prior to the flooding incident. Defendant's maintenance foreman stated there had been a "little trouble" with the line, that he had gone "out there" a few times. He couldn't say how many times he worked on the line, only that it was periodically and that the interval might be as much as six months. He testified that there had been no trouble for "a long time now."

Defendant cleaned out the sewer after the flooding; it removed tree roots, dirt, "stuff" and "things."

Plaintiff, relying on Pfleiderer v. City of Albuquerque, supra, asserts that this evidence establishes negligence. This evidence and the evidence in Pfleiderer are not comparable. In Pfleiderer there was evidence of failure to carry out an established policy of cleaning sewer lines; evidence of failure to clean out lines in an area from which various complaints were received and evidence of when the line was last cleaned.

Here, there is no evidence of failure to carry out a cleaning policy, and no evidence showing when the line was last cleaned. Here, the complaints concerning the sewer were those of Mrs. White. These complaints were at least two years before the incident in question.

■ Viewed in the light most favorable to the trial court's finding, the evidence does not require a finding that defendant failed to exercise ordinary care in inspecting and maintaining its sewer. In weighing the evidence, the trial court could find that plaintiff failed to prove negligence. Thus, it did not err in so finding.

In presenting the issue concerning evidence of negligence, the parties have raised the question of notice on the part of defendant. In Pfleiderer v. City of Albuquerque, supra, the jury was instructed that notice was a condition precedent to liability of the City for negligence. The opinion discussed this instruction in connection with a requested instruction that had been refused. The Pfleiderer opinion neither approves nor disapproves the notice requirement as a correct statement of law. In other jurisdictions there is a difference of opinion as to whether notice is a condition precedent to liability for failure to maintain a sewer. Annot., 59 A.L.R. 2d 281, 304 (1958).

We do not decide whether notice is a condition precedent for liability. Even if we assume that any notice requirement had been met, the trial court could still find that plaintiff failed to prove negligence on defendant's part.

The judgment is affirmed.

It is so ordered.

SPEISS, C. J., and OMAN, J., concur.