444 P.2d 606

**Mary ULIBARRI, Plaintiff-Appellee,**

v.

**VILLAGE OF LOS LUNAS, Defendant-Appellant.**

**No. 159.**

Court of Appeals of New Mexico.

Aug. 9, 1968.

**422**

·F. ·B. Howden, Sedillo & Howden, Belen, for defendant-appellant.

Robert G. McCorkle, James C. Ritchie, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for plaintiff-appellee.

OPINION

WOOD, Judge.

Defendant's sewer line became obstructed; sewage backed up through plaintiff's service line and into her building. The trial court found defendant to have been negligent and entered judgment in favor of plaintiff. Defendant appeals, contending there is no substantial evidence that plaintiff's damages were caused by negligence on the part of defendant.

The trial court found that defendant had been negligent in several ways. We consider only one of these findings—that defendant was negligent in the operation and maintenance of its sewer system. In determining whether this finding is supported by substantial evidence we view the evidence in the light most favorable to support the finding. White v. City of Lovington, 78 N.M. 628, 435 P.2d 1010 (Ct.App. 1967).

During the nine and one-half years defendant's water, street and sewer superintendent had held that position, he knew of only four instances where there had been trouble with the sewer line. However, all four of these instances occurred within a four and one-half month period and all occurred within an 1150 foot segment of line.

One involved sewage running out through a manhole 1000 feet east, or downstream from plaintiff's property. The record does not show how or when this blockage was cleared.

Another involved sewage backing up into Mr. Gonzales' house approximately 150 feet west, or upstream, from plaintiff's property. This blockage was cleared by rodding the line eastward for approximately 50 feet from a manhole. Mr. Gonzales testified that at the time of his sewer difficulty, water was coming through . the top of a manhole.

The other two instances occurred in connection with plaintiff's property. On May 19th at approximately 11:30 A.M., plaintiff found water on the floor of a bathroom, "black, filthy" water in the commode and bathtub and water coming out of the shower drain under pressure. Defendant rodded its sewer line through a manhole, broke up the stoppage and the water receded from plaintiff's house. This took approximately five hours, the work being concluded between 4:30 and 5:00 P.M.

On May 20th, again at approximately 11:30 A.M., plaintiff returned to her property to discover water and filth throughout most of her building to a depth of several inches; water was seeping through the foundation from the inside and ponding on the outside of the property. A hole was knocked in the building so the water on the inside would drain. Mr. Gonzales testified there was "a little" sewage on the first day but "quite a bit" on the second day.

Defendant unsuccessfully attempted to clear this second blockage by rodding; it then exposed the line by digging, broke into the line and cleared the blockage by rodding from the break. Defendant was unable to determine what was obstructing the line " * * * because it came too fast in the hole that we dug, the water rose, see. They had too much water and I couldn't tell."

Defendant had no routine for checking the sewer lines; the superintendent attended to the line when called upon to do so or when there was spare time, but there was "not much" spare time.

Mr. Gonzales could not remember whether he had trouble with the sewer line prior to the time that defendant cleared the obstruction backing sewage into his house, but "afterwards, I know I had some trouble."

Defendant's consulting engineer gave his opinion that from his inspections of the sewer line there was no reason for more maintenance than what defendant had provided; that he couldn't determine what caused the blockage that resulted in damage to plaintiff's property. He also testified as to instances when continual maintenance (rodding) would be required. In those instances requiring such maintenance:

" * * * This is usually evidenced first by sewage flowing out of a manhole. * * * I would say in most cases that the sewage would flow out of the manhole prior to damaging anyone's house by coming through a drain."

Pfleiderer v. City of Albuquerque, 75 N.M. 154, 402 P.2d 44 (1965) states:

" * * * While the fact that a sewer does backup is not of itself proof of negligent operation, nevertheless, a municipality is liable for negligence in the operation and maintenance of its system."

■ The fact that defendant's sewer backed up is not proof that it was negligent. Here, however, there was more. Defendant had knowledge that manholes within an 1150 foot distance had overflowed. According to defendant's expert the need for "continual" rodding is first evidenced by overflow at the manholes. Although a need for rodding was evidenced, defendant undertook no regular maintenance of the area, yet this was the area where there had been trouble. Plaintiff's property was within this area. When sewage backed into her property the first time, defendant cleared the blockage, yet 18 hours later the sewage backup was worse than before.

■ Inferences may be drawn from circumstantial evidence. Airco Supply Co v. Albuquerque National Bank, 68 N.M. 195, 360 P.2d 386 (1961). From the circumstances set forth above, the trial court could infer that defendant was negligent in the operation and maintenance of the sewer line involved; we decline to hold as a matter of law that the trial court erred in so doing.

The judgment is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.