458 P.2d 228

**William BARHAM, Plaintiff-Appellee,**

v.

**Leo BACA, Defendant-Appellant.**

**No. 8679.**

Supreme Court of New Mexico.

Aug. 29, 1969.

Sedillo & Howden, Belen, for appellant.

Mayo T. Boucher, Belen, Arturo G. Ortega, Albuquerque, for appellee.

## OPINION

NOBLE, Chief Justice.

Plaster from the ceiling of one of the bedrooms, in a house owned by Leo Baca and rented to William Barham, fell in the night causing personal injuries to Barham. The case was tried to the court without a jury. The court entered findings of fact and conclusions of law, as follows:

Barham leased the house on a month-to-month verbal lease for $60 per month. Some years before the accident, in 1963, Baca had the inside of the house replastered; the new plaster was put on over the old plaster but without placing lath or wire over the old plaster. The court specifically found that the new plaster was negligently applied and that Baca either knew or should have known the manner in which the new plaster was applied. The court also found that some weeks before the plaster fell, the roof leaked causing parts of the bedroom ceiling to be water stained; that Baca undertook to make or cause repairs to be made to the premises but failed to make them so as to leave the premises in a safe condition, and thus negligently failed to make proper repairs. Baca has appealed from a $4,500 judgment against him.

None of the court's findings of fact are challenged as being unsupported by substantial evidence, and, accordingly, are the facts upon which the case rests on appeal. Horton v. Driver-Miller Plumbing, Inc., 76 N.M. 242, 414 P.2d 219; Giovannini v. Turrietta, 76 N.M. 344, 414 P.2d 855.

Defendant's attack on the judgment consists of assertions that the court erred in concluding that (1) the defendant was under a duty to maintain the premises in a reasonably safe condition; (2) that the plaster fell as a proximate result of the negligent failure of defendant to maintain the premises in a reasonably safe condition; (3) the defendant knew or should have known the plaster was improperly applied; (4) but for defendant's negligence the plaster which caused the injury would not have fallen; (5) defendant undertook to make repairs so as to maintain the premises in a safe condition for occupancy; and (6) in concluding as a matter of law that plaintiff was damaged in the sum of $4,500.

We think all of the points relied upon for reversal except that concerning the amount of damages may be discussed together. They all pertain to the question of the legal duty owed by a landlord to his tenant. Because no attack has been made upon the findings of fact, the only question here presented is whether the findings support the judgment.

An essential element of tort liability is the breach of a duty of care owed. Palsgraf v. Long Island R.R., 248 N.Y. 339, 162 N.E. 99, 59 A.L.R. 1253. Whether or not a duty of care exists is a question of law. 2 Harper & James, The Law of Torts, 1058, § 18.8. Defendant, relying strongly on Hogsett v. Hanna, 41 N.M. 22, 63 P.2d 540, and Coggins v. Gregorio, 97 F.2d 948 (10th Cir. 1938), argues that, absent an express contract to the contrary, a tenant takes the demised premises as he finds them; that there is no implied warranty that they are fit for occupancy; and that the rule of caveat emptor applies. However, the rule is that even though there is no implied warranty by the landlord that the leased premises are safe or fit for occupancy, the landlord is liable for injuries resulting to the tenant from latent defects in the premises known to the landlord and

concealed from the tenant. Coggins v. Gregorio, supra; see also Hogsett v. Hanna, supra.

Restatement (Second) of Torts § 362 (1965) says:

"A lessor of land who, by purporting to make repairs on the land while it is in the possession of his lessee, or by the negligent manner in which he makes such repairs has, as the lessee neither knows nor should know, made the land more dangerous for use or given it a deceptive appearance of safety, is subject to liability for physical harm caused by the condition to the lessee or to others upon the land with the consent of the lessee or sublessee."

Under the facts as found by the trial court, which are binding upon this court on appeal, Baca knew or should have known that the plaster was not properly applied in a reasonably safe manner when he had the house replastered. The court's findings do not indicate that the lessee knew or had reason to know of the dangerous condition of the plaster. Finding 13 and conclusion 8 are to the effect that no act or omission on the part of the plaintiff contributed to his injuries. This, when read with the other findings, would negate any such assumption.

Defendant asserts that the uncontradicted medical testimony indicates that William Barham suffered a congenitally weak back. It also establishes that he suffered from a ruptured disc which resulted in more or less constant pain, and while the doctor testified that plaintiff's back injury could have resulted from heavy lifting, he likewise was of the opinion that plaintiff could have lifted such weights without producing the disc injury and that if, as testified to by the plaintiff, the back pain commenced on the night the plaster fell, the back injury could well have resulted from plaintiff's sudden movement at the time the plaster fell.

After a careful review of the record, we cannot say as a matter of law that the amount of damages awarded is excessive. It follows that the judgment appealed from must be affirmed.

It is so ordered.

COMPTON and WATSON, JJ., concur.