Severo **SANCHEZ**, as Administrator of the Estate of Loraine O. Sanchez, Deceased, and Charlotte Brown, Plaintiffs-Appellants,

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 74–1319.**

United States Court of Appeals, Tenth Circuit.

Argued Oct. 24, 1974.

Decided Nov. 22, 1974.

Charles Crider of Marchiondo & Berry, P.A., Albuquerque, N. M., for plaintiffs-appellants.

William Kanter, Atty., Dept. of Justice (Carla A. Hills, Asst. Atty. Gen., and Victor R. Ortega, U. S. Atty., on the brief), for defendant-appellee.

Before SETH, HOLLOWAY and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

The above action arises under the Federal Tort Claims Act. Recovery is sought for the death of Loraine O. Sanchez and for injuries to Charlotte Brown. The case is the result of an automobile rear end collision between an automobile in which the appellants were traveling and one which was driven by one Jerry Peterson, age 25, who at the time was a student at Southwestern Indian Polytechnic Institute, a school which is operated by the Bureau of Indian Affairs. The complaint charges that Jerry Peterson was intoxicated at the time, and it seeks to place blame on the United States on the theory that the agents and servants of the Southwestern Indian Polytechnic Institute knew of his intoxication and negligently failed to restrain him from leaving the campus and failed also to promulgate rules regarding student conduct, particularly the kind of conduct which resulted in the death and injuries complained of.

The District Court dismissed the action for failure to state a claim. In reviewing the case, we construe the allegations of the complaint in a light most favorable to the plaintiffs. The trial court did not render an opinion so we must determine from the allegations of the complaint whether the court erred in ordering that the complaint and the cause of action be dismissed.

### I. THE APPLICABLE LAW

The Federal Tort Claims Act, 28 U.S. C. § 1346(b) governs. Its applicable provision reads:

The district courts . . . shall have exclusive jurisdiction of civil ac-

tions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

The statute thus directs the district courts to look to the law of the state where the act or omission occurred in order to determine whether a complaint in negligence states a valid claim.[1] In this case the District Court was directed to the law of New Mexico.

## II. WHETHER THE AGENTS OF THE SCHOOL OWED A LEGAL DUTY TO MEMBERS OF THE PUBLIC

■ Under New Mexico law, as well as under the law of the other states, "[a]n essential element of tort liability is the breach of a duty of care owed."[2] The plaintiffs' complaint describes nonfeasance. It alleges that the defendant's failure to restrain Jerry Peterson from traveling on the highway in an intoxicated state was negligence.

■ New Mexico law defines negligence arising from nonfeasance: "[a] failure to act, to be negligent, must be a failure to do an act which one is under a duty to do and which a reasonable prudent person in the exercise of ordinary

care would do."[3] Thus, under applicable law, a prerequisite to the United States' liability for negligence would be violation by the Polytechnic Institute of an affirmative duty owed to the plaintiffs, members of the public. Whether a duty was owed under New Mexico laws was, of course, a question of law.

The problem at bar is finding that a duty existed. To find that the school owed a duty to the public to protect its members from harm caused by the negligence of its students, it would be necessary to hold that the school had such custody of the students as to be able to control the students' movements and actions at all times. Thus, it would have to appear that the school was similar to a jail or asylum. We do not have the problem whether it was obliged to exercise strict control over the conduct of children in its care because here the student was 25 years of age, and we see no obligation to control adults in a strict manner.

We have examined New Mexico law with respect to negligence liability of a private school and we find no authority that even suggests that an extensive duty such as that which is claimed to exist here has been recognized. There are cases holding that a school is liable for negligence toward its students. *See*, for example, McMullen v. Ursuline Order of Sisters, 56 N.M. 570, 246 P.2d 1052 (1952). *See also* Hanson v. Reedley Joint Union High School Dist., 43 Cal. App.2d 643, 111 P.2d 415 (1941). But even in this area the school has been held not liable for injuries to a student

1. United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963); Richards v. United States, 369 U.S. 1, 6–7, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962); Platis v. United States, 409 F.2d 1009 (10th Cir. 1969); Land v. United States, 342 F.2d 785 (10th Cir. 1965); Pattno v. United States, 311 F. 2d 604 (10th Cir. 1962), cert. denied, 373 U.S. 911, 83 S.Ct. 1300, 10 L.Ed.2d 412 (1963).

2. Barham v. Baca, 80 N.M. 502, 458 P.2d 228, 229 (1969). *See also* Garrett v. Nissen Corp., 84 N.M. 16, 498 P.2d 1359 (1972); White v. City of Lovington, 78 N.M. 628,

435 P.2d 1010 (N.M.App.1967); Baca v. Britt, 73 N.M. 1, 385 P.2d 61, 63 (1963); Krametbauer v. McDonald, 44 N.M. 473, 104 P.2d 900 (1940).

3. White v. City of Lovington, *supra*, 435 P. 2d at 1011–1012. *See also* the discussion of Chief Justice Cardozo in Palsgraf v. Long Island R. R. Co., 248 N.Y. 339, 162 N.E. 99 (1928), wherein it is pointed out that the existence of negligence is fully dependent on the presence of a legal duty to protect the injured person from unreasonable risk of harm.

in the course of extracurricular activities.

■ The Supreme Court of New Mexico has not ruled on whether a college is under a legal duty to protect third persons from injury at the hands of their students. We therefore seek guidance in decisions from other jurisdictions and from the treatises. ALI Restatement of Torts 2d § 315 (1965) provides generally that there is no duty to control the conduct of a third person so as to prevent him from causing physical harm to another. The section notes two exceptions. *First,* where a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct and, *second,* where a special relation exists between the actor and the other person, the member of the public, which gives to the latter a right to be protected. Other sections of the Restatement give some illustrative relationships. Thus, a parent is obligated to exercise control so as to prevent his minor child from harming others intentionally or negligently. *See* § 316, *supra.*

■ And a *master* is under a duty to exercise reasonable care so as to control his servant in order to protect third persons from harm. Section 317, *supra.*

■ And, similarly, the possessor of land or of chattels is required in some instances to protect others from injury at the hands of persons using the land or the chattels. *See* § 318, *supra.*

■ If one has charge of a person who has dangerous propensities he must exercise reasonable care to control the third person in order to protect the public. Fair v. United States, 234 F.2d 288 (5th Cir. 1956).

■ A mental hospital has a duty to control patients so that they will not injure others. *See* Underwood v. United States, 356 F.2d 92 (5th Cir. 1966); Merchants National Bank and Trust Co. of Fargo v. United States, 272 F.Supp. 409 (D.N.D. 1967).

The case of Lehmuth v. Long Beach Unified School Dist., 53 Cal.2d 544, 2 Cal.Rptr. 279, 348 P.2d 887 (1960) which is relied· on by plaintiffs-appellants is not helpful. This pertained to liability of a school resulting from a sound truck breaking loose from a vehicle which was towing it and causing injury. This was school equipment being used in a school activity—a parade.

## III. THE FAILURE TO ADOPT REGULATIONS

Contrary to appellants' argument, the fact that a school has authority to promulgate regulations to govern the conduct of students is not germane. There is no assurance that a prohibition by regulation would have any effect on the student. Hence, we see no legal causation.

■ Finally, we note one New Mexico decision which furnishes slight evidence. The New Mexico Supreme Court has said that "[t]his right to impose rules for the conduct and government of students does not impose a duty of responsibility for protective supervision of its students at all places and under all circumstances." Nichols v. Texico Conference Ass'n of Seventh Day Adventists, 78 N.M. 787, 438 P.2d 531, 535 (N.M. App.1968). This case furnishes some indication as to how the New Mexico Supreme Court could be expected to rule on the issue at bar, and from the statement enunciated in *Nichols* it seems extremely unlikely that the Supreme Court of New Mexico would find that a legal duty existed in circumstances like the present one.[4]

We are of the opinion that the trial court's dismissal of the cause of action in the case at bar was a correct ruling.

Accordingly, the judgment is affirmed.

---

4. *Cf.* James v. Atchison, Topeka and Santa Fe Railway Co., 464 F.2d 173 (10th Cir. 1972). This case also recognizes the necessity for the existence of a special relationship as a prerequisite to a duty to act affirmatively.